IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SCOTT RHODES,<br><br>　　　　　Defendant. | CV 21-110-M-DLC-KLD<br><br><br>ORDER |

　　　　Plaintiff United States of America has filed a motion under Federal Rule of Civil Procedure 12(f) to strike anti-Semitic content in Defendant Scott Rhodes' Answer. (Doc. 20). Rhodes opposes the motion. (Doc. 21).

　　　　Rule 12(f) provides that a court may strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted), rev'd on other grounds, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*, 984 F.2d at 1527 (internal quotation marks omitted). "Scandalous matters are allegations 'that unnecessarily reflect[] on the moral character of an individual or

1

state[] anything in repulsive language that detracts from the dignity of the court." *Consumer Sols. REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1020 (N.D. Cal. 2009) (quoting *Cobell v. Norton*, 229 F.R.D. 1, 5 (D.D.C. 2004)). Whether to grant a Rule 12(f) motion to strike is within the court's discretion. See *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).

On September 27, 2021, the United States filed this action seeking to enforce a forfeiture order issued by the Federal Communications Commission (FCC) against Defendant Scott Rhodes for violations of the Truther in Caller ID Act, 47 U.S.C. § 227(e). (Doc. 1). Between August and November of 2018, Rhodes engaged in five robocall campaigns targeting communities with thousands of unlawfully spoofed calls, many of which contained racially derogatory and anti-Semitic content. (Doc. 1; Doc. 1-3). Rhodes, who is proceeding pro se, filed his Answer on December 15, 2022. (Doc. 16).

The United States moves to strike select language from the opening paragraph of Defendant's Answer, which reads:

> Defendant hereby answers Plaintiff's SLAPP suit (strategic lawsuit against public participation) regarding anti-Jewish political speech brought by the Jew-run DOJ (Merrick Garland) on behalf of the Jew-run FCC (Jessica Roseworcel) based on a false report document by a Jew federal employee (Daniel Stepanicich) and prosecuted by a Jew-run prosecution team (Patrick Runkle), the captioned matter as follows:

(Doc. 16, at 2).

The United States argues the anti-Semitic language in this portion of the

Answer should be stricken as immaterial to the claims and defenses, impertinent to the issues involved, and scandalous. Rhodes counters that it is not derogatory to refer to an individual's religion, and contends "[t]he fact that key instigators for the Plaintiff are Jewish is relevant to the credibility of the Complaint and reliability of the material produced by Plaintiff as claimed evidence." (Doc. 21 at 7).

The Court agrees with the United States that the religious affiliation of the individuals and entities identified in the opening paragraph of the Answer is completely immaterial to the merits of any of the claims and defenses in the case and is impertinent to the issues involved. Rhodes' references to the FCC, DOJ, and prosecution team as "Jew-run," and to Stepanicich as "a Jew federal employee" are anti-Semitic and have no place in the pleadings. This anti-Semitic language is thus stricken from the Answer as immaterial, impertinent, and scandalous.[1]

Plaintiff is advised that Federal Rule of Civil Procedure 11, which proscribes filings that are presented for an "improper purpose," applies to pro se litigants. *Bus. Guides, Inc. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989). In addition, Plaintiff is cautioned that if he does not file an Amended Answer removing the objectionable language identified above, he may be held in civil contempt for violating a court order. See e.g. *Calif. Dept. of Social Servs. v.*

---

[1] The Complaint's reference to "anti-Jewish political speech" does not fall into this category and need not be stricken.

*Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) ("There is no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984) ("A district court has the power to adjudge in civil contempt any person who willfully disoberys a specific and definite order of the court."); *Lasar v. Ford Motor Co.*, 399 F.3d 1101 (9th Cir. 2005) (district courts have broad discretion in deciding whether to exercise their ineherent contempt power).

For the reasons set forth above,

IT IS ORDERED that the United States' Motion to Strike (Doc. 20) is GRANTED. On or before January 20, 2023, Defendant shall file an Amended Answer that does not contain the stricken language identified above.

DATED this 9th day of January, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge