IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 21–110–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SCOTT RHODES, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Order concerning the United States' Motion to Strike. (Doc. 22.) Defendant Scott Rhodes timely filed specific objections to the Order. (Doc. 23.) This Court must consider any timely objections to a magistrate's order on a non-dispositive motion and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Johnson v. Evans*, 473 Fed. Appx. 786, 786–87 (9th Cir. 2012). For the reasons discussed below, the Court affirms Judge DeSoto's Order.

The United States moved to strike a specific portion of Rhodes's Answer (Doc. 16) under FED. R. CIV. P. 12(f) "as immaterial to the claims and defenses, impertinent to the issues involved, and scandalous." (Doc. 20 at 3.) That portion of Rhodes's Answer reads as follows:

1

> Defendant hereby answers Plaintiff's SLAPP suit (strategic lawsuit against public participation) regarding anti-Jewish political speech brought by the Jew-run DOJ (Merrick Garland) on behalf of the Jew-run FCC (Jessica Roseworcel) based on a false report document by a Jew federal employee (Daniel Stepanicich) and prosecuted by a Jew-run prosecution team (Patrick Runkle), the captioned matter as follows:

(Doc. 16 at 2). Judge DeSoto agreed with the United States that "Rhodes' references to the FCC, DOJ, and prosecution team as 'Jew-run,' and to Stepanicich as 'a Jew federal employee' are anti-Semitic and have no place in the pleadings." (Doc. 22 at 3.) Judge DeSoto further cautioned Rhodes that "if he does not file an Amended Answer removing the objectionable language identified above, he may be held in civil contempt for violating a court order." (*Id.*)

Rhodes raises four objections to Judge DeSoto's Order. First, he argues that Judge DeSoto "failed to apply judicial experience and common sense" in determining that "the words 'Jew' and 'Jewish' are de facto 'anti-Semitic' and 'scandalous.'" (Doc. 23 at 4.) Second, he argues that the Order improperly "incorporated a decision . . . made on disputed facts" by referencing Rhodes's alleged robocalls containing anti-Semitic content. (*Id.*) Third, he argues that the Order applied an "overbroad interpretation of [the] definitions presented in *Fantasy, Inc. v. Fogerty* and *Consumer SOLS. REO, LLC*." (*Id.* at 5.) Finally, he argues that Judge DeSoto "failed to consider and address cited precedent that striking a Defendant's Answer is 'drastic,' and should only be done 'in the interest of justice.'" (*Id.*)

2

Judge DeSoto's Order is neither clearly erroneous nor contrary to law. The Order properly finds support from the Ninth Circuit's definitions of "immaterial" and "impertinent" in *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), and the Northern District of California's definition of "scandalous" in *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009). Moreover, Judge DeSoto does not conclude that "Jewish" or "Jew" are de facto anti-Semitic. Rather, the Order states that—in the particular context that the terms were used by Rhodes in his Answer—those terms are anti-Semitic and meet the definitions discussed above.

Judge DeSoto's reference to Rhodes's alleged robocall campaigns simply provides context for the ongoing dispute and is not an improper determination of disputed facts. Finally, although Judge DeSoto may not have addressed each of the cases cited by Rhodes in the Order, that does not necessarily indicate that those cases and arguments were not considered. Nor is there any indication that Judge DeSoto was in any way biased for or against one party, as Rhodes implies.

Accordingly, IT IS ORDERED that Judge DeSoto's Order (Doc. 22) is AFFIRMED.

IT IS FURTHER ORDERED that the United States' Motion to Strike (Doc. 20) is GRANTED. On or before January 20, 2023, Defendant Scott Rhodes shall file an Amended Answer that does not contain the stricken language identified

above.

DATED this 17th day of January, 2023.

_____
Dana L. Christensen, District Judge
United States District Court