UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT RHODES, <br><br> Defendant. | Case No. 21-110-M-DLC-KLD <br><br> **PRO SE DEFENDANT'S DEMAND FOR A TRIAL BY JURY, REQUEST FOR PUBLIC LIVE AUDIO STREAMING COVERAGE OF TRIAL, & ANSWER TO COMPLAINT FOR RECOVERY** |

# PRO SE DEFENDANT'S ANSWER TO COMPLAINT FOR RECOVERY OF CIVIL MONETARY FORFEITURE AND INJUNCTIVE RELIEF

Defendant hereby answers Plaintiff's ▮▮▮ suit ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ regarding ▮▮▮▮▮▮ political speech brought by the ▮▮▮ DOJ (▮▮▮▮▮▮▮▮▮▮ on behalf of the ▮▮▮▮ FCC (▮▮▮▮▮▮▮▮▮▮ based on a false report document by a ▮▮ federal employee (▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, in the captioned matter as follows:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The allegations made in Plaintiff's Complaint do not qualify under the intent or language of the Truth in Caller ID Act § 227(e)(1), and the Plaintiff's Complaint seeks to pervert the statute beyond its intent, in a way never before applied.

### Third Affirmative Defense

The Truth in Caller ID Act § 227(e)(1) is unconstitutionally overbroad.

### Fourth Affirmative Defense

Defendant denies each and every allegation contained in the Complaint except as hereinafter, 1-53 and A-C, may be expressly admitted.

In response to the numbered paragraphs and sentences of the Complaint, defendant admits, denies, or otherwise responds as follows:

1. First sentence, no response required. Second sentence, Denied.

2. First sentence, Admitted that a Forfeiture Order was issued. Second sentence, no response required.

3. No response required.

4-5. Defendant lacks information/knowledge sufficient to form a belief of the truth of the proper applicability of the two U.S.C. codes and their sections cited.

6. No response required.

7. Admitted, part-time only.

8. No response required.

9-10. Defendant lacks information/knowledge sufficient to form a belief of the truth of the proper applicability of the U.S.C. and C.F.R. code (one each) cited.

11-13. Defendant lacks information/knowledge sufficient to form a belief of the truth of the proper applicability of the U.S.C. code cited.

14. Defendant lacks information/knowledge sufficient to form a belief of the truth of the proper applicability of the Act as cited.

15. Defendant lacks information/knowledge sufficient to form a belief of the truth of the proper applicability of the U.S.C. code cited.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant lacks information/knowledge sufficient to form a belief.

21. Denied.

22. Defendant lacks information/knowledge sufficient to form a belief, except that the inference made by Plaintiff, "Predictably…" is Denied.

23. Denied.

24. First sentence, Defendant lacks information/knowledge sufficient to form a belief. Second sentence, Denied.

25. Denied.

26. Denied.

27. First sentence, Defendant lacks information/knowledge sufficient to form a belief. Second sentence, Denied.

28. Denied.

29. First sentence, Defendant lacks information/knowledge sufficient to form a belief. Second sentence, Denied. Third sentence, Defendant lacks information/knowledge sufficient to form a belief.

30. Denied.

31. Defendant lacks information/knowledge sufficient to form a belief.

32. Denied.

33. Denied.

34. Denied.

35. Admitted that the Notice of Apparent Liability for Forfeiture was issued by the FCC.

36. Admitted.

37. Admitted that the FCC issued a Forfeiture Order in the amount of $9,918,000.

38. Admitted.

39. Defendant lacks information/knowledge sufficient to form a belief.

40. Defendant lacks information/knowledge sufficient to form a belief.

41. No response required.

42. Denied.

43. Denied.

44. Defendant lacks information/knowledge sufficient to form a belief.

45. Defendant lacks information/knowledge sufficient to form a belief.

46. Denied.

47. Defendant lacks information/knowledge sufficient to form a belief.

48. No response required.

49. No response required.

50. Denied.

51. Denied.

52. Denied.

53. Defendant lacks information/knowledge sufficient to form a belief.

A-C. Denied that Plaintiff is entitled to relief in this matter.

## PRO SE DEFENDANT'S DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury on all the issues, in full accordance with the U.S. Constitution and the intent of its 7th Amendment to provide defense against corruption in the judicial branch of government, and with the participation of a court reporter to create a record for use in the event of any necessary appeal by Defendant.

## DEFENDANT'S REQUEST FOR PUBLIC
## LIVE AUDIO STREAMING COVERAGE OF TRIAL

Per the audio streaming pilot program for participating U.S. District Courts, Defendant requests trial be made available to the public via live audio streaming, for which the U.S. District Court of Montana is a participating court.[1] This matter qualifies for such as "…a case involving a public entity, agency, or official"[2] (here,

---

[1] https://www.uscourts.gov/about-federal-courts/judicial-administration/audio-streaming-pilot
[2] *Id*. Pilot Guidelines (6)(1)

5

the FCC), "…or a case that has received media attention"[3] with Plaintiff's citations of said media attention abundant throughout its Complaint's supporting documents.[4]

## COURT NOTICE OF CONCURRENT FILING

Defendant asks Court to take notice that this Motion is being filed concurrently with Defendant's Motion to Change venue. Both are being tendered in good faith to best of pro se Defendant's ability and knowledge, thus he preemptively requests that if one or both motions are liable to be invalidated for not having been combined into one, that rather than invalidating one or both, Court instead uses what discretion it is allowed to issue notice to Defendant insisting he conform to whatever rule was not followed, and allow him to amend and refile, which will be done with urgency.

## LEGAL STANDARD

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."[5] If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with

---

[3] https://www.uscourts.gov/about-federal-courts/judicial-administration/audio-streaming-pilot Pilot Guidelines (6)(1)
[4] Plaintiff's Exhibit A, footnotes 25, 31, 36, 43, 51, 56, 57
[5] Haines v. Kerner, 404 U.S. 519, 520–521 (1972)

pleading requirements.[6] The Court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."[7]

DATED this 15th day of December, 2022

Respectfully submitted,

SCOTT RHODES

By: *s/Scott Rhodes*
Pro Se Defendant

---

[6] Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").
[7] Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002), quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48m, 3d Cir. 1999. See Nami v. Fauver, 82 F.3d 63,65 (3d Cir. 1996)

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2022, I electronically filed the forgoing document with the Clerk of Court using the CM/ECF system which will send notification of the filing to the Plaintiff.

>By: *s/Scott Rhodes*
>Pro Se Defendant