IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 21-110-M-DLC-KLD |
| Plaintiff, | |
| vs. | ORDER |
| SCOTT RHODES, | |
| Defendant. | |

Defendant Scott Rhodes, who is proceeding pro se, has filed a Motion to Transfer Venue to the Coeur d'Alene Division of the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1404. (Doc. 17). For the reasons set forth below, the motion is denied.

## I.   Background

On January 14, 2021, the Federal Communications Commission ("FCC") issued a Forfeiture Order imposing a penalty of $9,918,000 against Rhodes for violations of the Truther in Caller ID Act, 47 U.S.C. 227(e) and 47 C.F.R. § 64.1604. (Doc. 1 ¶ 37; Doc. 1-3). The FCC determined that between August and November of 2018, Rhodes engaged in five robocall campaigns targeting communities in Iowa, Idaho, Virginia, Florida, and Georgia with thousands of unlawfully spoofed calls, many of which contained racially derogatory and anti-

Semitic content. (Doc. 1; Doc. 1-3).  On September 27, 2021, Plaintiff United States of America commenced this action to enforce the Forfeiture Order pursuant to the procedures set forth in 47 U.S.C. § 504(a). (Doc. 1).

Rhodes is a current resident of Libby, Montana.[1] (Doc. 16 ¶ 7 (admitting he is a "part-time" resident of Libby, Montana); Doc 17 at 4-5). Libby is located in Lincoln County, Montana, which is part of the Missoula Division of the District of Montana. See Local Rule 1.2(c)(5). Under the federal venue statute, "[a] civil action may be brought in … a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Consistent with § 1391and Local Rule 1.2(c), the United States filed its Complaint in the Missoula Division of the District of Montana. Rhodes now seeks to transfer venue to the Coeur d'Alene Division of the District of Idaho.

## II.   Legal Standard

Change of venue is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

---

[1] When the United States filed this action in September 2021, it obtained a summons with Rhodes' address in Libby, Montana (Doc. 2) and served Rhodes with the summons in October 2021 while he was shopping at a store in Libby. (Doc. 3-1). When Rhodes entered an appearance in the case on November 5, 2021, he provided the Court with a mailing address in Bonners Ferry, Idaho, which he continues to use for purposes of this litigation. (Doc. 4).

been brought." 28 U.S.C. § 1404(a). A court considering whether to transfer venue under § 1404(a) must first "determine whether the action might have been brought in the requested venue." *Meidinger v. StarStone Specialty Ins. Co.*, 2022 WL 1180562, at *1 (D. Mont. Oct. 20, 2022) (citing *Hillerich & Bradsby Co. v. ACE Am. Ins. Co.,* 2012 WL 2359488, at *1 (D. Mont. June 20, 2012). If the case might have been brought in the requested venue, the court must then "evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).

The convenience of the parties and other factors relating to the parties' private interests include "the plaintiff's choice of forum; the parties' contacts with the forum; the contacts relating to the plaintiff's claims in the chosen forum, the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; … and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Lyft, Inc. v. AGIS Software Development LLC*, 2022 WL 767616, at *2 (N.D. Cal. March 14, 2022) (quoting *Atl. Marine*, 571 U.S. at 62 n. 6 and citing *Jones v. GNF Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). "Public-interest factors may include the administrative difficulties flowing from court congestion [and] the local interest in having localized controversies decided at home." *Atl. Marine*, 571 U.S. at 62 n.6 (quotations and citations omitted).

3

Whether to transfer a case to a different venue is within the sound discretion of the district court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). "The moving party bears the burden of showing why the proposed transferee court constitutes a more appropriate forum." *Meidinger v. StarStone Specialty Ins. Co.*, 2022 WL 1180562, at *1 (D. Mont. Oct. 20, 2022) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). A "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

## III.  Discussion

Rhodes argues that this action could have been brought in the Coeur d'Alene Division of the District of Idaho because he was "a resident in that jurisdiction at the time of the alleged violations," and several hundred of the unlawfully spoofed calls at issue were made to people in the Coeur d'Alene Division. (Doc. 17 at 5). See 28 U.S.C. § 1391(b)(2) (providing that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…").

The United States does not disagree that it could have brought this action in the District of Idaho, but argues its choice of the Missoula Division of the District of Montana as the appropriate forum should not be disturbed because the private

and public factors weigh heavily against the proposed change of venue.

Rhodes counters that the relevant factors support his request for a change of venue. Focusing first on the private interest factors, including particularly the convenience of the parties, Rhodes maintains that the Missoula Division is an inconvenient forum because the federal courthouse in Missoula is 192 miles from his residence in Libby, whereas the federal courthouse in Coeur d'Alene is only 129 miles from his residence. Because it will take him longer and be more expensive for him to drive the additional 63 miles to Missoula, Rhodes argues the Coeur d'Alene Division of the District of Idaho would be a more convenient forum.

Other district courts have rejected similar arguments, reasoning that "§1404(a) should not be invoked for transfer between courts separated by a short and easily traveled distance since the intent of the statute was to eliminate the real inconvenience which may accrue to parties and witnesses residing a substantial distance from the district where the action is brought." *Peterson v. U.S. Steel Corp.*, 624 F.Supp. 44, 46, (N.D. Ill. 1985). See also *Ward v. Stewart*, 133 F.Supp.3d 455, 464-65 (N.D. N.Y. 2015) (concluding that an additional 88 miles of travel required for several key witnesses was not the sort of significant inconvenience that would tip the balance in favor of transfer, and collecting several analogous cases involving additional travel time for parties and witnesses). While

it may be of some greater inconvenience for Rhodes to drive to Missoula than it would be for him to drive to Couer d'Alene, the Court finds that any resulting hardship is not so substantial as to weigh in favor of transfer. In addition, the Court notes that Rhodes has registered for the Electronic Case Filing System, which permits him to file documents electronically and receive service of documents by email. (Doc. 4). Thus, Rhodes will only be required to travel to Missoula for any pretrial hearings that may be scheduled, the final pretrial conference, and trial itself.

The remaining private interest factors are either neutral or also favor the United States. The United States' choice of the District of Montana as the forum for its enforcement action is entitled to deference, and Rhodes must make a "strong showing of inconvenience to warrant" transferring this matter to the District of Idaho. See *Decker Coal*, 805 F.2d at 843. Because Rhodes lives in Libby, Montana, which is located within the Missoula Division of this district, he has substantial contacts with the chosen forum.

With respect to the contacts relating to the United States' claims, this enforcement action turns in large part on Rhodes' conduct and intent in making thousands of unlawfully spoofed robocalls from his home computer, which at the time was presumably located at his previous residence in Sandpoint, Idaho. (Doc. 18 at 6). The United States claims that Rhodes made these robocalls using a dialing

platform service that is apparently located in Texas, and that his robocall campaigns targeted communities in Iowa, Idaho, Virginia, Florida, and Georgia. (Doc. 1; Doc. 1-3 at 4-6; Doc. 18 at 6). While there is some connection between the robocall campaign targeting Sandpoint, Idaho and the District of Idaho, the majority of calls giving rise to the United States' claims targeted communities in states that have no connection to either Idaho or Montana. Rhodes now resides in Montana, and there is little current connection between the United States' claims and the District of Idaho. To the extent there is also little current connection between the United States' claims and the District of Montana, this factor is essentially neutral and does not weigh in favor of transfer.

As for the convenience of the witnesses and access to sources of proof, Rhodes argues he will not be able to compel witnesses from Sandpoint, Idaho to physically appear at trial in Missoula because Sandpoint is located outside the Court's 100-mile subpoena power. See Fed. R. Civ. P. 45(c)(1)(A). Rhodes points out that he would, however, be able to compel witnesses from Sandpoint to attend trial in Coeur d'Alene, and therefore maintains that these factors weigh in favor of transferring venue.

As the United States points out in response, however, Rhodes has not identified any specific residents of Sandpoint, Idaho that he intends to call as witnesses. Even assuming there are some potential witnesses in the Sandpoint area

due to the fact that one of the robocall campaigns targeted that community, the other four robocall campaigns at issue targeted residents in Virginia, Iowa, Georgia, and Florida. Thus, the majority of witnesses in this case presumably live far outside the subpoena power of both this Court and the Idaho district court, which means that the parties will not be able to compel their attendance at trial. If any witnesses are unwilling or unable to travel to Missoula for trial, the parties can depose them, by video or in person, and present their testimony at trial as permitted by the Federal Rules of Civil Procedure. Accordingly, Rhodes has not shown that his interest in subpoenaing unidentified Sandpoint witnesses to physically appear for trial at the Couer d'Alene courthouse overcomes the presumption in favor of the United States' choice of forum.

The relevant public interest factors also weigh against transferring venue. There are no docket congestion issues affecting this Court that would result in any administrative difficulties, and the matters in controversy are not particularly localized to any judicial district. Rhodes argues the Coeur d'Alene residents who received unlawfully spoofed calls deserve to have this case adjudicated in the district where they reside. But the vast majority of robocalls at issue targeted residents in other states. The fact that some Idaho residents were also targeted does not make the controversy a localized one such that venue should be transferred.

Having considered the relevant private and public interest factors, the Court

concludes that Rhodes has not met his burden of establishing that transfer of venue is appropriate under 28 U.S.C. § 1404.

## IV.    Conclusion

For the reasons set forth above,

IT IS ORDERED that Rhodes' Motion to Transfer Venue (Doc. 17) is DENIED.[2]

DATED this 23rd day of January, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[2] A motion to transfer venue pursuant to 28 U.S.C. § 1404 is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). See e.g. *Gomes v. Mathis*, 2019 WL 11720210 at *2 n. 2 (C.D. Cal. Aug. 5, 2019) (ccollecting cases).