UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT RHODES,<br><br>Defendant. | Case No. 21-110-M-DLC-KLD<br><br>**DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE** |

## INTRODUCTION

Pro se Defendant objects to the Order issued by Magistrate Judge Kathleen DeSoto on January 23, 2023 denying Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) because Order ignores key facts of Defendant's filing and points of case law that render the Plaintiff's preference of venue in this case to be minimal, i.e., inconsequential, lowest consideration of all.

## BACKGROUND

Plaintiff seeks to enforce a penalty assessed to Defendant by the FCC of $9.918 million for claimed violation of the Truth in Caller ID Act, 47 U.S.C. § 227(e) by alleged phone calls made over a 3-month period. Plaintiff's Complaint acknowledges Defendant at that time as a resident of Sandpoint, ID, thus under the jurisdiction of U.S. District Court of Idaho, Coeur d'Alene Division.[1] Complaint further alleges all 4,959 calls were received in five states: Idaho, Florida, Iowa, Georgia, Virginia [2] (not Montana), with 750 of the total received within the jurisdiction of U.S. District Court of Idaho, Coeur d'Alene Division.[3]

On December 15, 2022, Defendant filed Motion to Transfer Venue[4]. On January 23, 2023, Magistrate Judge Kathleen DeSoto issued an Order denying the Motion while acknowledging the case met the qualification for 1404(a) transfer in

---

[1] Plaintiff's Exhibit A. para. 6 "...who was at that time a resident of Sandpoint, Idaho."
[2] Plaintiff's Complaint, paragraphs 20, 25, 27, 29, 31
[3] Plaintiff's Complaint, paragraph 25
[4] *See* Pro Se Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404

1

that it could have been filed in the new venue, and Order claimed no prejudice to the Plaintiff in trying its case in the new venue. Order contradicted established case precedent regarding minimal weight of Plaintiff's preference of venue, and contradicted the Supreme Court's dictum that 1404(a) transfer motions are to be granted in order to avoid unnecessary waste of time and expense for witnesses and parties, let alone the "interest of justice" inherent in the statute language.

## OBJECTIONS

**I.**     Order suggests Magistrate Judge read the Plaintiff's Objection (from which the Order draws upon) but not the Defendant's Reply to that Objection to which the Defendant is entitled a full review of the facts and cases cited there by an impartial judge, by stating a falsehood plain to any who would have read Defendant's Reply.

**II.**    Order improperly construed as inconsequential the detailed additional time and money to be incurred by Defendant due to distance by citing two cases, one for which the distance issue was not analogous (already dealt with in detail in Defendant's Reply[5]), and improper citation of a second case which merely said that distance differential did not outweigh the other (much different) factors that weighted for the Plaintiff in that case.

**III.**   The Order is contradicted by both fact and legal precedent where Order claims "The remaining private interest factors are either neutral or also favor the

---

[5] Defendant's Reply, final paragraph pg. 3, onto pg. 4 re: *Peterson v. U.S. Steel Corp.*

United States" including but not limited to the fact that the Order's given reason of Plaintiff preference of venue, according to precedent, is to be the least of considerations here because the events underlying the complaint did not occur in that venue, with said cases cited in Defendant's Reply to Plaintiff's Opposition.

**IV.** Order failed to weigh the difference in nature of potential witnesses, considering only the quantity.

**V.** Order failed to weigh the qualitative difference of live in-trial testimony versus depositions as called for by case precedent.

**VI.** Order failed to weigh the cost difference of live in-trial testimony versus depositions as called for by case precedent.

**VII.** Order failed to weigh public interest by removing an issue at appeal.

## ARGUMENTS

**I.     Insufficient Review of Defendant's Filing.** Order makes a false statement irreconcilable with having read the Defendant's Reply to Plaintiff's Opposition. Order draws heavily upon Plaintiff's Opposition, including at page 7 of Order, "As the United States points out in response, however, (Defendant) has not identified any specific residents of Sandpoint, Idaho that he intends to call as witnesses." In reply to such claim by Plaintiff's Opposition to Motion, Defendant's Reply, page 7, cites a specific witness because it's the one already acknowledged by Plaintiff's own filing. The significance of the witness issue to the fault of the Order will be

3

dealt with further herein. It is mentioned now only to demonstrate the entirety of the Defendant's filing on the matter of transfer was not properly read.  Anticipating an Article III judge order that might use a dissembling colleague-covering interpretation that the quote is merely a characterization of Plaintiff's claim, it is not merely citing the Plaintiff's claim, but the Magistrate Judge speaking definitively to the truth of a matter, "*As* the United States points out…" Concomitant to this Objection, Defendant has filed a Motion to Disqualify the Article III judge in this case, but in the meantime is still entitled to have filings for which time and good faith effort was spent to be proper in form and timely, fully read and considered by an impartial judge in this Court prior to issuing decisions.

**II. Citation of Cases Not Analogous**. One (not the only) reason for transfer under 1404(a) in Defendant's Motion is the avoidance of unnecessary time and expense (per the Supreme Court dictum) for the Defendant with the old venue being a 6.5 hour round trip for every appearance versus only 5 hours for the new venue. In dismissing that factor, the Order cites *Peterson v. U.S. Steel Corp.*, which was already addressed in substantial detail in Defendant's Reply to Objection as to why the issues of distance in the two cases are not analogous, *Peterson* being total (and insignificant) distance[6], here being difference between two substantial trip

---

[6] And other factors. *See* Defendant's Reply to Plaintiff's Opposition pages 3 & 4

distances (and the further time/cost ramifications of that). Nothing in the Order's use of *Peterson* contradicts that.

Order then cites *Ward v. Stewart* where that distance issue was more similar to the present case, a difference between two significant distances, but Order construes *Ward* improperly due to failing to consider the context for that sentence, said context explicitly provided by the rest of that decision. Order reads, referring to *Ward*, "…concluding that an additional 88 miles of travel required for several key witnesses was not the sort of significant inconvenience that would tip the balance in favor of transfer." Order goes on to improperly interpret that simply as a difference in two distances of 88 miles isn't a significant inconvenience, and Order's very use of the language of *Ward* belies it, namely "…tip the balance…" *Ward* actually states the distance difference in that case was "Not the sort…that would tip the balance", i.e., in that particular case and weighted against the other factors specific to it relevant under 1404(a), such as the Plaintiff being a resident of the old venue.

That is specifically and explicitly elucidated by *Ward*, "Importantly, "[t]here is no strict formula for the application of these factors, and no single factor is determinative." *Rindfleisch, 752 F.Supp.2d at 250*. "Instead, these factors should be applied and weighed in the context of the individual circumstances of the particular case." *Id*." (citations/quotations in original).

*Ward* reads as above after having in its preceding paragraph enumerated seven different questions to be weighed in that 1404(a) decision, in accordance with the "no single factor (was) determinative." In *Ward*, the Order decided that the inconvenience of the 88-mile difference in venue distances was not large enough to outweigh the other factors of *Ward* which do not exist here, including but not limited to: A) that distance differential was only for some trial witnesses, not a Defendant who must appear at trial and also pretrial proceedings. B) The underlying events giving cause to the complaint, while occurring in the new venue, did so only over the span of a few minutes[7], and with a Defendant who didn't live there at the time.[8] C) The presumption in *Ward* is that the Plaintiff's preference of venue that was favored stems from Plaintiff's convenience[9], where in this case, there is no such greater convenience for the Plaintiff. D) Plaintiff in *Ward* lived in the old venue in which the complaint was filed[10].

Set aside momentarily the difference between travel for a witness to trial versus a Defendant to trial plus pretrial proceedings. Per the Order's invocation of

---

[7] "events that occurred over the span of a few minutes in (the new venue)", *Ward v. Stewart*

[8] "(Movant) is an Indiana domiciliary who committed the…acts while physically present in (new venue of) Canandaigua, New York.", *Ward v. Stewart*

[9] "This deference stems from the presumption that a plaintiff selects a forum based on convenience." *Ward* citing *Medien Patent Verwaltung AG v. Warner Bros*.

[10] *Ward v. Stewart* (all quotations and citations in original): "Because this is also the county in which plaintiffs reside, this fact would ordinarily weigh heavily against transfer. See *Atl. Recording Corp., 603 F.Supp.2d at 698* (noting that the presumption in favor of a plaintiff's choice of forum is at its strongest "where the chosen forum is also the plaintiff's home"); see also EasyWeb Innovations, LLC v. Facebook, Inc., 888 F.Supp.2d 342, 349 (E.D.N.Y. 2012) (concluding plaintiff's decision to file in his 'home district' was entitled to strong deference)."

the formerly uninvoked *Ward v. Stewart*, *Ward* did not hold that an additional travel of 88 miles was not a significant factor, merely that in *Ward*, it was outweighed by the totality of the other circumstances there, not the least of which, the Plaintiff's convenience of the original venue and being one in which he lived.

Next, the Order improperly reduced the difference in the trips only to distance, where the Defendant's Motion (pg. 4) and Reply (pg. 4) indicates the unnecessary waste of time and expense includes the almost certain need for overnight lodging and additional day's car rental for the longer trip when one factors in making it on time to each proceeding's scheduled start, and then eventual end time (based on proceeding's duration), due to what can realistically be driven safely in a single waking day, multiplied by each step in the pre-trial process, plus trial.

However, all of the preceding paragraphs in this Argument II section deal only with the "best" possible scenario, because it is the only one considered by the Order, namely, the Defendant traveling *only* 192 miles one-way versus 129 miles from a location where Defendant is not a full-time resident. In fact, Defendant's Motion to Transfer Venue (pg. 3) made explicit that "Defendant will sometimes, perhaps even more often than not, be able to leave from Bonners Ferry, ID (within new venue's jurisdiction) making for even more practical trip of 78 miles one-way, only 3 hours round-trip driving time" (versus 6.5 hours), and

7

Motion citation 11 (pg. 4) , "Note Defendant's indication of preferred[11] mailing address from his first filing with this court, Motion to Dismiss p. 39, dated November 2021 over a year ago and before Defendant was cognizant of or raised issue about venue." Court is also allowed to take judicial notice that Plaintiff's Complaint contains Defendant's two sworn declarations[12] executed and notarized likewise in Bonners Ferry, ID (Boundary County, within the new venue's jurisdiction), similarly submitted well before Defendant was cognizant of any venue issue raised later by his Motion to Transfer venue.

**III. Characterization of "Remaining private interest factors"[13] is contrary to precedent, logic, and fact.** Order is contradicted by precedent when it states (pg. 6) "(Plaintiff's) choice of the District of Montana as the forum for its enforcement action is entitled to deference". This was addressed in greater detail in Defendant's Reply[14] citing multiple cases, including *Cain v. New York State Bd. of Elections* "Court notes that, while it respects…right as a plaintiff to file suit in a forum of his choosing, this choice is not entitled to the weight generally accorded such a decision when there is lacking any material connection or[15] significant contact

---

[11] "preferred" can seem misleading out of context. Defendant has never used any Montana address with the Court. From the outset, the only address ever used by Defendant in his filings was his Idaho address.
[12] Plaintiff's Complaint Exhibit B, pages 30 & 31
[13] Order, pg. 6
[14] *See* Defendant's Reply, pgs. 5-8
[15] Note the use of "or" not "and", meaning that satisfying either clause alone, such as the "events" clause suffices and does not require also showing no "significant contact" with the original venue as the Order implies it has incorrectly deduced, despite Defendant's Reply calling attention to the "or not and".

between the forum and <u>the events underlying the cause of action</u>" (emp. added) which was further upheld by *Saleh v. Titan Corp.* which used that *Cain* quote and added, "When the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has <u>minimal</u> value." (emp. added). To aid the Court with the definition of "minimal", which escaped the Order, it means the least amount, the least possible. Since the only reason given by the Order for denying transfer is the Plaintiff's preference[16], then it erred since literally any other consideration (those in Defendant's Motion), weighs more.

 Order is contradicted by logic when it states (pg. 8) "The relevant public interest factors also weigh against transferring venue. There are no docket congestion issues affecting this Court." A lack of court congestion is a neutral element, not one that weighs against transfer.

 Order is contradicted by fact when it claims Defendant has not specified any potential witnesses within compulsory distance to the new venue (for which even willing witnesses have the travel difference issue. i.e., unnecessary time and expense). Defendant's Reply (pg. 7) clearly did so (as referred to earlier herein). Additionally, the Plaintiff's Complaint alleges an Idaho resident in that same location to be the subject of the call recording that targeted that area.[17]

---

[16] Order, pg. 6 "The {Plaintiff's) choice of the District of Montana as the forum...is entitled to deference."
[17] Plaintiff's Complaint, para. 25, and Plaintiff's Exhibit A, para. 13

**IV. Failure to Weigh Witness Nature.** Order (pg. 7) implies relevant witnesses within the compulsory distance of the new venue to be *only* the 750 call recipients living within it, the value of which towards transfer it then dismisses simply because "[T]he majority of witnesses in this case presumably live far outside the subpoena power (of either venue)". The issue for 1404(a) is not the number of witnesses but the "nature and quality", per *Hotel Constructors*.[18] As to the nature, first, potential exculpatory witnesses for the Defendant are much more pivotal to the outcome of the case than simply a variance in number of witnesses with the same testimony of "I received a call with this message".

The Court was allowed to use its common sense and recognize that since discovery has not been performed with Plaintiff supplying Defendant the list of alleged called phone numbers along with their exact dates and times, it's reasonable that Defendant can't yet identify which witnesses can vouch for him having been unable to make those calls. Plaintiff's Complaint names only a series of date windows: "from August 29 to 30, 2018"[19], "Between September 21 and 24, 2018"[20], "Between October 20 and 23, 2018"[21], "Between November 2 and 3,

---

[18] See Defendant's Motion to Transfer pg. 6 and citation 17, and Defendant's Reply, pg. 9, "One of, if not the most important factors to be considered, is that of convenience of the witnesses. In this regard, the inquiry is directed not at the numbers, but rather the nature and quality of the witness testimony and the question of whether they can be compelled to testify." *Hotel Constructors, Inc. V. Seagrave Corp., 543 F.Supp.1048, 1051 (N.D. Ill. 1982)*
[19] Plaintiff's Complaint, para. 21
[20] *Id.*, para. 25
[21] *Id.*, para. 27

2018"[22], "starting November 27, 2018"[23]. Then, even upon learning the exact time each call is alleged to have been made, Defendant will need to try and reconstruct his specific whereabouts and/or activity and research relevant witnesses whose names Defendant might not even know yet.

Court was, again, allowed to use its common sense to recognize that of the unspecified alleged 750 call recipients in the new venue[24] whom Plaintiff has used to calculate a $9.92 million fine on the premise that all 750 received a recording and the same recording, not all 750 are likely to be personally known by and/or friendly to Defendant such that they would voluntarily testify on his behalf as to receiving no message, a different message, or had a live conversation, even in the nearby venue of Coeur d'Alene, let alone make a 376-mile round trip to Montana.

**V. Failure to Weigh Witness Quality.** Regarding the inability to compel attendance at trial of any witnesses in Montana, versus some witnesses in Idaho, Order (pg. 8) blithely states "If any witnesses are unwilling or unable to travel to Missoula for trial, the parties can depose them." Saying this regarding a pro se defendant is like Queen Marie Antoinette saying of the peasants who had no bread, "Let them eat cake."[25] It's a cruel supposition that organizing and conducting

---

[22] Plaintiff's Complaint., para. 29
[23] *Id.*, para. 32
[24] *Id.*, para. 25
[25] The quote is apocryphal, invented as disparagement of Antionette by the violent radical leftist movement that later killed her, and is used here only as a cultural touchstone.

11

depositions poses no burden to a pro se defendant, especially when Defendant's Motion (pg. 5) already anticipated that argument and detailed the qualitative difference between mere depositions versus in-trial testimony. Plus, this too runs afoul of the precedent of *Hotel Constructors, Inc.* that was addressed at length in Defendant's Motion[26], as was that of *Gulf Oil Corp. v. Gilbert.*[27]

**VI. Failure to Weigh Cost Difference.** Stemming from V directly above, the dismissal of a priority to be given to live in-trial testimony versus depositions is contrary to the Supreme Court dictum that 1404(a) is to be granted "to protect the litigants against unnecessary inconvenience and expense…"[28] In addition to a pro se Defendant not knowing how to conduct a deposition, there are expenses for a defendant to conduct, record, transcribe depositions that are avoidable simply with in-trial testimony, whether compulsory or voluntary.

**VII. Failure to Weigh Public Interest Regarding Appeal.** As detailed in Defendant's Reply (pg. 13), while a denial of a 1404(a) motion is not by itself an appealable order, it can be reviewed upon a subsequent appeal brought for a different order. In the event of an unfavorable final judgment, Defendant promises Court that its former denial of his Motion to Dismiss will be brought to the Appellate Court on 1st Amendment grounds. Even should the Appellate Court fail

---

[26] See Defendant's Motion, pgs. 5&6
[27] Defendant's Motion page 1, including citation 2
[28] See Defendant's Motion to Transfer, pg 1, citing Supreme Court in *Van Dusen v. Barrack*

to find that ground sufficient to overturn by itself, the inclusion of an unnecessary denial of transfer could be what results in overturning the judgment, leading to further unnecessary public expense of additional proceedings that are easily avoided by removing that possibility via granting the 1404(a) transfer for which the Order found no prejudice to Plaintiff's case by doing so.

## CONCLUSION

For the forgoing reasons, Defendant requests a de novo determination of the aforementioned including the entirety of Defendant's two filings, Motion to Transfer Venue, and Reply to Plaintiff's Opposition, by the Article III District Judge, per Fed. R. Civ. P. 72(b)(3).

DATED this 30th day of January, 2023

Respectfully submitted,

SCOTT RHODES

By: */s/Scott Rhodes*
Pro Se Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached Objection to Order of Magistrate Judge Kathleen DeSoto is proportionately spaced, has a typeface of 14 points, and contains 3,255 words, excluding caption and certificates.

DATED this 30th day of January, 2023

By: */s/Scott Rhodes*
Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2023, I electronically filed the forgoing document with the Clerk of Court using the CM/ECF system which will send notification of the filing to the Plaintiff.

>By: *s/Scott Rhodes*
>Pro Se Defendant