BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
ARUN G. RAO
Deputy Assistant Attorney General
AMANDA N. LISKAMM
Director, Consumer Protection Branch
LISA K. HSIAO
Assistant Director
PATRICK R. RUNKLE
Senior Litigation Counsel
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 532-4723
    Email: Patrick.R.Runkle@usdoj.gov
MICHAEL J. WADDEN
Trial Attorney
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 305-7133
    Email: Michael.J.Wadden@usdoj.gov
SHANNON L. CLARKE
Assistant U.S. Attorney
    U.S. Attorney's Office,
    P.O. Box 8329,
    Missoula, MT 59807
    Telephone: (406) 542-8851
    Email: shannon.clarke@usdoj.gov
Attorneys for Plaintiff United States of America

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT RHODES,<br><br>Defendant. | CV 21-110-M-DLC-KLD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECUSAL** |

Defendant has moved to recuse Judge Christensen based on statements the Court made in a 2018 opinion involving tort claims brought against an alleged neo-Nazi for harassment of a Jewish woman. Defendant's motion is utterly meritless and frivolous. The motion should be denied in its entirety, and the government respectfully suggests that Court might consider acting *sua sponte* to prevent Defendant from continuing to waste the Court's and the government's time with frivolous filings.

## BACKGROUND

In January 2021, FCC issued a Forfeiture Order imposing a forfeiture penalty of $9,918,000 against Rhodes for 4,959 violations of the Truth in Caller ID Act and Rule. (Complaint, Doc. 1 ("Compl.") ¶ 37; Compl. Ex. C.) Rhodes did not pay the penalty. In September 2021, the Government filed a Complaint in this Court seeking, among other things, to enforce the Forfeiture Order pursuant to the procedure set forth in 47 U.S.C. § 504(a). (Compl. ¶¶ 41–48.)

Rhodes filed a motion to dismiss (Doc. 5), which Magistrate Judge DeSoto recommended denying. (Doc. 12.) District Court Judge Christensen adopted Magistrate Judge DeSoto's recommendation. (Doc. 15.) Rhodes filed his Answer, which contained a passage calling the Federal Communications Commission and the Department of Justice "Jew-run" and pointing out the purported Jewish heritage of several civilian government employees involved in the case. (Doc. 16.)

1

Plaintiff moved to strike the anti-Semitic language from Rhodes' Answer. (Doc. 20.) Magistrate Judge DeSoto granted that motion on January 9, 2023 and ordered Rhodes to file an Amended Answer without the offending language. (Doc. 22.) Magistrate Judge DeSoto's opinion found:

> [T]he religious affiliation of the individuals and entities identified in the opening paragraph of the Answer is completely immaterial to the merits of any of the claims and defenses in the case and is impertinent to the issues involved. Rhodes' references to the FCC, DOJ, and prosecution team as "Jew-run," and to Stepanicich as "a Jew federal employee" are anti-Semitic and have no place in the pleadings. This anti-Semitic language is thus stricken from the Answer as immaterial, impertinent, and scandalous.

(Doc. 22 at 3.)

Rhodes filed objections, which Judge Christensen overruled on January 17, 2023. (Doc. 24.) That same day, Rhodes filed an Answer where he did not delete the stricken language, but redacted it using black redaction boxes. (Doc. 25.) He subsequently filed the instant recusal motion. (Doc. 31.)

## LEGAL STANDARD

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted).

Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554–56 (1994). "[J]udicial rulings alone almost

never constitute a valid basis for a bias or partiality motion." *Id*. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

## ARGUMENT

The Court struck Rhodes' Answer because his allegations about the purported religious affiliation of specific government employees are irrelevant and immaterial to this case and were clearly intended to provoke and scandalize the reader. Those allegations have nothing to do with whether Rhodes caused the spoofed calls identified in the Forfeiture Order with wrongful intent. Rather than accept that ruling, Rhodes has evidently decided to double down, claiming that not only government counsel are biased against him but that the Court is too. Rhodes' motion to recuse should be denied as baseless, insufficient, and violative of Fed. R. Civ. P. 11.

### I. Rhodes' Affidavit Is Insufficient Under 28 U.S.C. § 144 and Rhodes Fails to Allege Any Facts Supporting Recusal.

Rhodes has filed an affidavit pursuant to 28 U.S.C. § 144 purporting to demonstrate judicial bias. Section 144 requires a judge to cease adjudicating a case upon the filing of a "sufficient" affidavit, but the law is clear that the judge

3

being asked to recuse must first decide whether the affidavit is "sufficient." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

The affidavit Rhodes filed plainly does not meet the sufficiency standard, let alone the recusal standard. To be "sufficient," an affidavit must "allege[] facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Id*. at 868–69. Rhodes' two-sentence affidavit does not allege any relevant facts relating to extrajudicial bias; it merely states that Rhodes read certain judicial statements referenced in his accompanying motion. Thus, on its face, Rhodes' affidavit is manifestly insufficient to invoke 28 U.S.C. § 144.

What is more, the judicial statements Rhodes' motion references do not evince any partiality on the part of the Court, let alone the sort of "deep-seated favoritism or antagonism" that could potentially support recusal under the 28 U.S.C. § 455 standard. *Liteky*, 510 U.S. at 555. Rhodes' motion cites as evidence of purported bias two portions of the Court's motion to dismiss decision in *Gersh v. Anglin*, 353 F. Supp. 3d 958 (D. Mont. 2018): (1) the Court's description of an individual alleged to have made a racist speech to a gathering of white nationalists giving Nazi salutes as an alleged "neo-Nazi," and (2) the Court's accurate summary of the protections the First Amendment provides even indefensible ideas. Neither portion of the opinion could possibly be construed by any reasonable

4

reader to indicate that the Court harbors improper bias against any party. It is absurd to suggest that they demonstrate intractable animus against Rhodes in particular. *See United States v. Rodriguez,* 798 F. App'x 179 (9th Cir. 2020) (citations omitted) ("To be sufficient, an affidavit must establish bias or prejudice against a 'party' or in favor of an 'adverse party.'").

More broadly, while the government fully accepts the idea that Rhodes has a First Amendment right to harbor and advocate white supremacist ideas, the government does not accept the outrageous idea that Rhodes is somehow entitled to a Nazi-sympathizing or Nazi-agnostic judge to decide his case. Nazi and white supremacist views are incompatible with our Constitution, our system of government, and the laws and principles upon which the United States and the federal courts are built. *E.g.*, U.S. CONST. Amends. XIII, XIV; MT CONST. Art. II, Pt. II § 4; 42 U.S.C. § 1981. Statements condemning neo-Nazi and white supremacist ideas are fully consonant with these principles and have nothing to do with judicial bias. Indeed, the Supreme Court in *Liteky* gave Adolf Hitler as a specific example of a person to whom "an unfavorable disposition" is not "bias" or "partiality" under the recusal statutes:

> Not all unfavorable disposition towards an individual (or his case) is properly described by those terms. One would not say, for example, that world opinion is biased or prejudiced against Adolf Hitler. The words connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is

5

>    undeserved, or because it rests upon knowledge that the subject ought
>    not to possess . . . or because it is excessive in degree[.]

*Liteky*, 510 U.S. at 550 (emphases omitted).

Assuming that Judge Christensen disapproves of neo-Nazi and white supremacist views, this is not a "wrongful or inappropriate" source of bias or partiality, because (as described above) Constitutional, federal, state, and local laws reject and disapprove of exactly this type of ideology. And rejecting these ideas in no way compromises Judge Christensen's ability to fairly judge the disputed matters in this case: whether Rhodes caused the spoofed calls alleged by the government and did so with wrongful intent.

In the end, judges regularly decide cases among parties with whom they may have different personal values and different personal political views. Rhodes' plainly insufficient affidavit does not articulate any facts indicating bias or prejudice or partiality, and this Court should deny his frivolous motion.

## II. The Court Should Consider *Sua Sponte* Taking Action Against Rhodes' Improper and Frivolous Filings.

The Court pointed out in its rulings on Rhodes' motion to strike that Federal Rule of Civil Procedure 11's prohibition on making filings for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" applies to *pro se* litigants. (Doc. 22 at 3.) Rhodes' recusal motion is manifestly frivolous. It (like three of Rhodes' prior motions) was made in

violation of the Local Rule 7.1(c)(1) meet and confer requirement. And it includes irrelevant, inappropriate, and intentionally provocative passages. For example, Rhodes again engages in an offensive exercise of (inaccurately) purporting to count the number of Jewish people in the government who have worked on this matter and seeks to name those people. (Doc. 31 at 8.) This, as the Court will recall, is exactly the type of thing that was ordered stricken from his Answer and that the Court cautioned Rhodes not to do again. (Doc. 22 at 3–4.)

Delay, annoyance, and waste of the government's and Court's time have been some of the results of Rhodes' frivolous motion. The government respectfully asks that the Court *sua sponte* consider taking action that could assist Rhodes with making more appropriate filings in the public's federal courts.

## CONCLUSION

The United States respectfully requests that this Court deny Rhodes' motion in its entirety and *sua sponte* consider taking steps to prevent Rhodes from further wasting the Court's and the government's time with frivolous and offensive filings.

**DATED** this 13th day of February, 2023

        Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        ARUN G. RAO
        Deputy Assistant Attorney General

        AMANDA LISKAMM
        Director, Consumer Protection Branch

        LISA K. HSIAO
        Assistant Director

        SHANNON L. CLARKE
        Assistant U.S. Attorney

        <u>/s/ Patrick R. Runkle</u>
        PATRICK R. RUNKLE
        Senior Litigation Counsel
        MICHAEL J. WADDEN
        Trial Attorney
        Consumer Protection Branch
        United States Department of Justice
        Attorneys for Plaintiff United States

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,603 words, excluding the caption and certificates of service and compliance.

**DATED** this 13th day of February, 2023

>  /s/ Patrick R. Runkle
> **PATRICK R. RUNKLE**
> **Senior Litigation Counsel**
> **Attorney for Plaintiff**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of February, 2023, a copy of the foregoing document was served on the following person by the following means.

     _1,2_  CM/ECF
     ____  Hand Delivery
     ____  U.S. Mail
     ____  Overnight Delivery Service
     ____  Fax
     ____  E-Mail

1. Clerk of Court

2. Scott Rhodes
   1104 Louisiana Avenue,
   Libby, MT 59923

                                       **/s/ Patrick R. Runkle**
                                       **Patrick R. Runkle**
                                       **Senior Litigation Counsel**
                                       **Attorney for Plaintiff**