IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT RHODES,<br><br>Defendant. | CV 21–110–M–DLC<br><br><br><br>ORDER |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Order concerning Defendant Scott Rhodes's Motion to Transfer Venue (Doc. 26) and Defendant Scott Rhodes's Objections (Doc. 30). Defendant Rhodes has also filed a Motion to Disqualify the undersigned. (Doc. 31.) For the reasons discussed below, the Court affirms Judge DeSoto's Order and denies Rhodes's motion for disqualification.

**I. Transfer of Venue**

This Court must consider any timely objections to a magistrate's order on a non-dispositive motion and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Johnson v. Evans*, 473 Fed. Appx. 786, 786–87 (9th Cir. 2012).

Rhodes seeks to transfer venue from the District of Montana to the District

1

of Idaho pursuant to 28 U.S.C. § 1404. (Doc. 17 at 2.) Section 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404.

Rhodes argues that such transfer is warranted to: (1) protect himself and witnesses from unnecessary inconvenience and expense related to travel, (2) promote the District of Idaho's interest in having the matter adjudicated in their District, (3) promote the interest of justice by allowing Rhodes to compel the presence of witnesses living in Idaho, and (4) prevent prejudice against Rhodes's ability to defend himself. (Doc. 17 at 3–7.) Rhodes also points out that this action could have been brought in the District of Idaho and argues that transfer of venue in no way impedes the ability of the United States to bring this action. (*Id.* at 3.)

Whether to transfer a case to a different venue is within the discretion of the Court, and the moving party bears the burden of demonstrating why the proposed forum constitutes a better forum. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498, 499 n.22 (9th Cir. 2000); *see also Meidinger v. StarStone Specialty Ins. Co.*, CV 22-45-GF-BMM, 2022 WL 11805652, at *1 (D. Mont. Oct. 20, 2022) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). A "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth*

2

*Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

If the Court determines that a case could have been brought in the requested venue, then the Court must "evaluate both the convenience of the parties and various public-interest factors." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 n.6 (2013). The parties' interests include:

> the plaintiff's choice of forum; the parties' contacts with the forum; the contacts relating to the plaintiff's claims in the chosen forum, the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; … and all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Lyft, Inc. v. AGIS Software Development LLC*, Case No. 21-cv-04653-BLF, 2022 WL 767616, at *2 (N.D. Cal. March 14, 2022) (quoting *Atl. Marine*, 571 U.S. at 62 n. 6 and citing *Jones*, 211 F.3d at 498–99.). The public-interest factors include "administrative difficulties flowing from court congestion [and] the local interest in having localized controversies decided at home." *Atl. Marine*, 571 U.S. at 62 n.6 (quotations and citations omitted).

Judge DeSoto denied Rhodes's motion after evaluating these relevant factors. (Doc. 26 at 4–9.) Rhodes then objected on the grounds that Judge DeSoto's Order: (1) suggests Defendant's Reply (Doc. 19) was not considered; (2) "improperly construed as inconsequential the detailed additional time and money to be incurred by [Rhodes];" (3) "is contradicted by both fact and legal precedent" in concluding that several of the private interest factors favor Plaintiff; (4) "failed

3

to weigh the difference in nature of potential witnesses;" (5) "failed to weigh the qualitative difference of live in-trial testimony versus depositions;" (6) "failed to weight the cost difference of live in-trial testimony versus depositions;" and (7) "failed to weigh public interest by removing an issue at appeal." (Doc. 30 at 3–4.)

The Court has reviewed Judge DeSoto's Order for clear error and concludes that the Magistrate made no clearly erroneous findings of fact and correctly applied the law, which affords ample discretion to the deciding judge in assessing whether a change of venue is appropriate.

**II. Disqualification**

In his Motion to Disqualify the undersigned, Rhodes argues that disqualification is warranted pursuant to 28 U.S.C. §§ 144 and 455 due to the undersigned's alleged bias, prejudice, and lack of impartiality. (Doc. 31 at 2.)

"The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). The alleged bias or prejudice generally must result from an "extrajudicial source." *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 554–56 (1994) (explaining that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings,

4

do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). Section 144 has the additional requirement that the party alleging bias submit a "sufficient affidavit." 28 U.S.C. § 144. To be "sufficient" the affidavit must "specifically allege[] facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

First, Rhodes takes issue with statements made and adopted by the undersigned in this Court's Order (Doc. 24) adopting Magistrate Judge Kathleen L. DeSoto's Order granting Plaintiff's Motion to Strike. (Doc. 31 at 2.) Judge DeSoto ordered Rhodes to strike references to the FCC, DOJ, and prosecution team as "Jew-run," and to a specific federal employee as "a Jew federal employee" from his Answer. (Doc. 22 at 2.) The undersigned found that Judge DeSoto's decision was neither clearly erroneous nor contrary to law. (Doc. 24 at 3.) Rhodes now argues that this shows a clear bias in favor of Plaintiff and a "special deference to Jews as a group." (Doc. 31 at 9.)

Second, Rhodes takes issue with statements made by the undersigned in this Court's Order of November 14, 2018, adopting Magistrate Judge Jeremiah C. Lynch's Findings and Recommendation in *Gersh v. Anglin*, CV 17-50-M-DLC, ECF No. 116. (*Id.* at 2.) Rhodes takes particular issue with the undersigned's use

5

of the term "neo-Nazi" when describing Richard Spencer, which Rhodes states is a "common pejorative and slur" if used toward one who does not self-identify as such. (*Id.* at 10.) Rhodes also takes issue with the undersigned's description of Anglin's anti-Semitic speech as "unprotected on the basis that it evinces a morally and factually indefensible worldview." (*Id.* at 12.) Rhodes concludes that these statements would lead a reasonable person to question the undersigned's impartiality in the ongoing litigation.

Neither of Rhodes's arguments demonstrate a sufficient basis to warrant the undersigned's recusal from this matter. First, Rhodes's affidavit contains no statements of fact and instead simply states that Rhodes "read the statements made and signed by [the undersigned]." (Doc. 31-1.) This is not sufficient under § 144. *See Sibla*, 624 F.2d at 868. Second, Rhodes has not pointed to any extrajudicial sources demonstrating the alleged bias, and no reasonable person could conclude from the alleged facts that the undersigned is incapable of remaining impartial due to some deep-seated favoritism or antagonism. To the extent the undersigned may have demonstrated an unfavorable disposition toward Nazism, neo-Nazism, anti-Semitism, or any ideology along these lines, such a general disposition, targeted at no one in particular, is not sufficient to warrant recusal. *Litkey*, 510 U.S. at 550 ("Not *all* unfavorable disposition towards an individual (or his case) is properly described by [the terms bias or prejudice]. One would not say, for example, that

world opinion is biased or prejudiced against Adolf Hitler. The words connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree.").

Accordingly, IT IS ORDERED that Judge DeSoto's Order (Doc. 26) is AFFIRMED.

IT IS FURTHER ORDERED that Rhodes's motion (Doc. 31) is DENIED.

DATED this 9th day of March, 2023.

_____
Dana L. Christensen, District Judge
United States District Court