**BRIAN M. BOYNTON**
Principal Deputy Assistant Attorney General
**ARUN G. RAO**
Deputy Assistant Attorney General
**AMANDA N. LISKAMM**
Director, Consumer Protection Branch
**LISA K. HSIAO**
Assistant Director
**PATRICK R. RUNKLE**
Senior Litigation Counsel
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 532-4723
    Email: Patrick.R.Runkle@usdoj.gov
**MICHAEL J. WADDEN**
Trial Attorney
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 305-7133
    Email: Michael.J.Wadden@usdoj.gov
**SHANNON L. CLARKE**
Assistant U.S. Attorney
    U.S. Attorney's Office,
    P.O. Box 8329,
    Missoula, MT 59807
    Telephone: (406) 542-8851
    Email: shannon.clarke@usdoj.gov
**Attorneys for Plaintiff United States of America**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 21-110-M-DLC-KLD |
| Plaintiff, | |
| vs. | **UNITED STATES OF AMERICA'S PRELIMINARY PRETRIAL STATEMENT** |
| SCOTT RHODES, | |
| Defendant. | |

Pursuant to the Court's Orders (Docs. 27, 29) and L.R. 16.2(b)(1), the United States provides the following preliminary pretrial statement.

### A. A brief factual outline of the case:

The United States commenced this action against Defendant Scott Rhodes pursuant to 47 U.S.C. § 504(a) and 47 U.S.C. § 401(a) in order to: (1) recover a forfeiture penalty imposed by the Federal Communications Commission ("FCC") for violations of the Truth in Caller ID Act, 47 U.S.C. § 227(e)(1), and FCC's implementing rules, 47 C.F.R § 64.1604; and (2) to obtain an order prohibiting Rhodes from violating the Communications Act, 47 U.S.C. §§ 151 *et seq*.

As set forth at length in the Complaint and Exhibits thereto, Rhodes violated the Truth in Caller ID Act and implementing rules on 4,959 occasions in the course of making five illegal robocall campaigns between August 28, 2018 and December 4, 2018. FCC imposed a forfeiture penalty of $9,918,000 against Rhodes for these violations, which the United States seeks to recover. Rhodes also violated the Truth in Caller ID Act and other provisions of the Communications Act on thousands of additional occasions, in connection with other illegal robocalls. There is a reasonable likelihood that Rhodes will violate the Communications Act again.

### B. The basis for federal jurisdiction and for venue in the division:

This Court has subject matter jurisdiction pursuant to 47 U.S.C. § 504(a), which provides federal district courts with jurisdiction over actions brought by the United States to recover forfeiture penalties imposed by the FCC, and 47 U.S.C. § 401(a), which provides federal district courts with jurisdiction over actions brought

by the United States seeking an order commanding compliance with the Communications Act.

Venue is proper in this division pursuant to 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1395(a), and L.R. 3.2(b), because as of the filing of the Complaint, Rhodes is a resident of this district and division.

**C.     The factual basis of each claim or defense advanced by the party:**

The following facts form the basis for the United States' claims under both 47 U.S.C. § 504(a) and 47 U.S.C. § 401(a):

Rhodes is a self-identified White Nationalist and the host of a White Nationalist video podcast called "The Road to Power." In May 2018, Rhodes purchased an account with an online dialing platform and began using the platform's software to make illegal robocalls lacking required disclosures and without recipients' consent, in violation of 47 U.S.C. § 227. Many of these robocalls included racist or antisemitic invective. Rhodes included the attribution "paid for by theroadtopower.com" at the end of many of these robocalls. Rhodes also publicly bragged about his robocalling efforts, the shock and upset the robocalls caused, and the press they garnered, thereby raising The Road to Power's profile in White Nationalist circles.

For his first several thousand illegal robocalls, Rhodes used online dialing software to display the caller ID for a phone number he had purchased the right to use from a telecommunications company. But following complaints regarding

Rhodes' illegal robocalls, that telecommunications company deactivated Rhodes' account, depriving him of the legitimate use of that caller ID.

Rhodes continued to make illegal robocalls after this occurred. But rather than switch to another accurate caller ID, Rhodes began to spoof his illegal robocalls, causing the online dialing software to display caller IDs for phone numbers Rhodes was not authorized to use. Around the same time, Rhodes also stopped publicly claiming credit for his illegal robocalls and adopted a practice of maintaining ambiguity regarding his role in causing the illegal robocalls. He continued to include the promotional statement "paid for by theroadtopower.com" in many of his robocalls, and he regularly discussed the robocalls and the press they garnered as part of his podcast and in social media posts. But Rhodes stopped explicitly acknowledging his personal role in making the calls, and he began a practice of asserting that individuals who identified him as the source of the calls lacked evidence. These new practices of spoofing and maintaining a measure of deniability were attempts by Rhodes to continue making illegal robocalls and immunize himself from problems (such as the termination of his paid accounts or legal liability) that the calls could cause if they were correctly attributed to him.

Between July and December 2018, Rhodes made tens of thousands of spoofed calls, often engaging in "neighborhood spoofing" by using a caller ID that made it appear as if the call were coming from the recipient's local area. Rhodes made 4,959 of these spoofed calls in the course of the five illegal robocall campaigns described at length in the Complaint and Exhibits thereto. Even after

the five campaigns specifically mentioned in the Complaint, numerous individuals continued to receive illegal spoofed robocalls with upsetting messages that included attributions to "theroadtopower.com."

On January 31, 2020, FCC issued a Notice of Apparent Liability for Forfeiture to Rhodes for, *inter alia*, the violations described herein. Rhodes filed a written response to the NAL, in which he contested his responsibility for the illegal spoofed robocalls. On January 14, 2021, the FCC issued a Forfeiture Order in the amount of $9,918,000 against Rhodes. Rhodes failed to pay the forfeiture.

**D.     The legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority:**

<u>1. Recovery of Forfeiture Penalty under 47 U.S.C. § 504(a)</u>

47 U.S.C. § 504(a) authorizes the United States to recover unpaid forfeiture penalties imposed by FCC for violations of the Truth in Caller ID Act and implementing rules. The Truth in Caller ID Act and implementing rules make it unlawful to "cause any caller identification service" in connection with any telecommunications service or IP-enabled voice service "to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value." 47 U.S.C. § 227(e)(1); *see also* 47 C.F.R. § 64.1604. As explained in Magistrate Judge DeSoto's Report and Recommendation (Doc. 12 at 21–24) and the Court's Order (Doc. 15 at 10–11), the facts set forth in the Complaint and Forfeiture Order

establish each of the elements necessary to prove Rhodes violated the Truth in Caller ID Act and implementing rules.

2. Injunction under 47 U.S.C. § 401(a)

47 U.S.C. § 401(a) authorizes the United States to obtain a "writ or writs of mandamus commanding" a person who has violated any provision of the Communications Act "to comply with the provisions of [the Communications Act,]" including 47 U.S.C. § 227. The term "writ or writs of mandamus" in § 401(a) has regularly "been interpreted to include injunctions against persons alleged to be violating the Act." *United States v. Girona*, Civ. No. AWT-99-1262, 2000 WL 565496, at *2–3 (D. Conn. Mar. 27, 2000). The facts set forth above establish that Rhodes violated 47 U.S.C. § 227 and that there is a reasonable probability Rhodes will violate the law again in the future; hence, the United States is entitled to relief under 47 U.S.C. § 401(a).

E.     **A computation of damages:**

The forfeiture penalty in this case is not a damages remedy; however, the United States provides this information out of an abundance of caution. The United States is pursuing a forfeiture penalty of $9,918,000 imposed by the FCC. FCC calculated the forfeiture penalty by imposing a per-violation penalty of $2,000 for each of the 4,959 confirmed violations of 47 U.S.C. § 227(e)(1) and 47 C.F.R. § 64.1604 identified in the Forfeiture Order.

F.     **The pendency or disposition of any related state or federal litigation:**

The United States is not aware of any related pending litigation.

**G. Proposed additional stipulations of fact not included in the Statement of Stipulated Facts,** *see* **L.R. 16.2(b)(3), and the parties' understanding as to what law applies:**

At the Rule 26(f) conference, the United States proposed stipulations of fact and law to Rhodes, but Rhodes explained that he was not prepared to stipulate to any matters. The matters as to which the United States proposed the parties stipulate are as follows:

1. Federal district courts generally possess subject-matter jurisdiction over actions arising under 47 U.S.C. § 504(a) and actions arising under 47 U.S.C. § 401(a).

2. This Court possesses personal jurisdiction over this matter, and this Court is a proper venue pursuant to 28 U.S.C. §§ 1355(b), 1391(b), and 1395(a), as well as 47 U.S.C. § 504(a).

3. Plaintiff is the United States of America.

4. Defendant is Scott Rhodes, formerly known as Scott Platek.

5. Defendant formerly resided at 10920 West Pine Street, Sandpoint, ID 83864.

6. At the time he was served with the Complaint, Defendant resided at 1104 Louisiana Avenue, Libby, MT 59923.

7. Defendant is the host of the "The Road to Power" video podcast, which appears on the Internet on BitChute and which Defendant promotes using the Gab account "@theroadtopower".

8. From March 2018 through May 19, 2018, Defendant was the subscriber of record for the phone number 415-295-4776.

9. None of the following phone numbers have ever been assigned to Defendant:

    a. 641-522-1488;

    b. 208-265-0802;

    c. 850-222-1488;

    d. 770-586-1488;

    e. 434-972-1488;

    f. 434-924-0420;

    g. 770-716-1488;

    h. 212-796-5706.

10. On January 31, 2020, the FCC issued a Notice of Apparent Liability for Forfeiture to Defendant for a monetary forfeiture of $12,910,000. A copy of the Notice of Apparent Liability is attached to the Complaint as Exhibit A.

11. Defendant filed a written response to the Notice of Apparent Liability on February 25, 2020. A copy of Defendant's response is attached to the Complaint as Exhibit B.

12. On January 14, 2021, the FCC issued a Forfeiture Order in the amount of $9,918,000 against Defendant. A copy of the Forfeiture Order is attached to the Complaint as Exhibit C.

13. Defendant did not pay the forfeiture.

**H.     Proposed deadlines relating to joinder of parties or amendment of the pleadings:**

The United States proposes a deadline of July 31, 2023 for joinder of parties or amendment of the pleadings, as a matter of right.

Additionally, the United States proposes the following discovery deadlines:

- October 15, 2023: Simultaneous disclosure of liability experts and disclosure of Plaintiff's damages expert, in compliance with Fed. R. Civ. P. 26(a)(2)(B);

- November 14, 2023: Disclosure of Defendant's damages expert, in compliance with Fed. R. Civ. P. 26(a)(2)(B);

- December 15, 2023: Deadline for completion of discovery.

**I.     Identification of controlling issues of law suitable for pretrial disposition:**

Relevant controlling issues of law suitable for pretrial disposition include those legal issues addressed in Magistrate Judge DeSoto's Report and Recommendation (Doc. 12) and the Court's Order (Doc. 15) denying Defendant's Motion to Dismiss. The United States also intends to file a motion for summary judgment seeking, *inter alia*, a ruling that Rhodes is liable for the violations identified in the Forfeiture Order and the imposition of an injunction.

**J.     The name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information. If known, the address and telephone number of the individual must be provided to all counsel on request:**

1. Defendant Scott Rhodes.

Defendant has discoverable information regarding Defendant's conduct, including the conduct alleged in the Complaint. Defendant is a resident of Libby, MT.

2. Current and former agents and employees of the FCC, Enforcement Bureau, including but not limited to:

    a. Daniel Stepanicich, Attorney Advisor.

    b. Lisa Ford, Enforcement Analyst.

These individuals may have discoverable information regarding Defendant's conduct, the harm he caused, and the records the United States may use to prove its case. The FCC, Enforcement Bureau, is located in Washington, D.C.

3. Current and former agents and employees of the Department of Justice, Consumer Protection Branch, including but limited to:

    a. Giovan Aloisio, Investigator.

These individuals may have discoverable information regarding Defendant's conduct, the harm he caused, and the records the United States may use to prove its case. The Department of Justice, Consumer Protection Branch, is located in Washington, D.C.

4. Current and former officers, agents, and employees of Electronic Voice Services, Inc., including but not limited to:

    a. David Gibson.

   b. Richard Hardgrave.

   c. Roland Taber.

These individuals may have discoverable information relating to Defendant's conduct, including his use Electronic Voice Services, Inc. technology to make unlawful robocalls and spoofed telephone calls. They may also have discoverable information regarding the harm Defendant caused and the records the United States may use to prove its case. Electronic Voice Services, Inc. is located in Dallas, TX.

5. Current and former officers, agents, and employees of Ziff Davis, Inc., and/or J2 Web Services, Inc., including but are not limited to:

   a. Robert Taylor, Los Angeles, CA.

These individuals may have discoverable information relating to Defendant's conduct, including his use of J2 Web Services, Inc.'s services in connection with unlawful robocalls. They may also have discoverable information regarding the harm Defendant caused and the records the United States may use to prove its case.

6. Current and former agents and employees of the Sandpoint Idaho Police Department, including but not limited to:

   a. Officer Michael Aerni.

These individuals may have discoverable information relating to Defendant's conduct, including his conduct of making unlawful spoofed robocalls to residents of the Sandpoint, Idaho area. They may also have discoverable information

regarding the harm Defendant caused and the records the United States may use to prove its case. The Sandpoint Idaho Police Department is located in Sandpoint, Idaho.

7. Current and former agents and employees of the Charlottesville Police Department, including but not limited to:

    a. Captain Joseph Hatter.

These individuals may have discoverable information relating to Defendant's conduct, including his conduct of making unlawful spoofed robocalls to residents of the Charlottesville, Virginia area. They may also have discoverable information regarding the harm Defendant caused and the records the United States may use to prove its case. The Charlottesville Police Department is located in Charlottesville, VA 22902.

8. Current and former officers, agents, and employees of the University of Virginia, Office of the Dean of Students, including but are not limited to:

    a. Laurie Casteen.

These individuals may have discoverable information relating to Defendant's conduct, including his conduct of making unlawful spoofed robocalls to residents of the Charlottesville, Virginia area. They may also have discoverable information regarding the harm Defendant caused and the records the United States may use to prove its case. The University of Virginia is located in Charlottesville, VA.

9. Current and former officers, agents and employees of Columbia University, Department of Public Safety, including but not limited to:

    b. Deidra Fuchs.

    c. James McShane.

These persons may have discoverable information relating to Defendant's conduct, including his conduct of making unlawful spoofed robocalls to persons associated with Columbia University and Barnard College. They may also have discoverable information regarding the harm Defendant caused and the records the United States may use to prove its case. The Columbia University Department of Public Safety is located in, New York, NY 10027.

10. Individuals associated with the Sandpoint Reader, including but are not limited to:

    a. Chris Bessler.

    b. Ben Olson.

These persons may have discoverable information relating to Defendant's conduct, including his conduct of making unlawful spoofed robocalls related to the Sandpoint Reader and Ben Olson. They may also have discoverable information regarding the harm Defendant caused and the records the United States may use to prove its case. The Sandpoint Reader is located in Sandpoint, ID 83864.

11. Persons who received unlawful spoofed telephone calls and other robocalls that Defendant initiated or otherwise caused. Plaintiff has not identified all such persons and thus does not presently know the identities and locations of all such persons. They include, but are not limited to:

   a. Rosa Ayres, Virginia
   b. Richard Barnett, Virginia
   c. Tiffany Barnes, Florida
   d. Patrick Beck, Idaho
   e. Cynthia Chestnut, Florida
   f. Marcia Childress, Virginia
   g. Johanna Clark, Virginia
   h. Melissa Clink, Georgia
   i. Gary Day, Georgia
   j. Laura Galgano, Virginia
   k. Ann Gehring, Idaho
   l. Barbara Heritage, Virginia
   m. Lenny Hess, Idaho
   n. Ken Larson, Idaho
   o. Jenny Lopresto, Idaho
   p. Mary Mahoney, Georgia

    q. Sandra Murphy, Iowa

    r. Elizabeth Ramey, Iowa

    s. Cedric Rhodes, Georgia

    t. Lisa Ring, Georgia

    u. Bradley Sanders, Georgia

    v. Rob Tibbetts, California

    w. Ivory Watts, California

    x. Kathryn Wilkerson, Virginia

These individuals may have discoverable information relating to Defendant's conduct, including his conduct of making unlawful spoofed robocalls. They may also have discoverable information regarding the harm Defendant caused and the records the United States may use to prove its case.

**K.    The substance of any insurance agreement that may cover any resulting judgment:**

The United States is not aware of any relevant insurance agreement.

**L.    The status of any settlement discussions and the prospects for compromise of the case:**

The parties have not yet engaged in any settlement discussions. The prospects for settlement of the case are unknown.

**M.    Suitability of special procedures:**

The United States submits that this case is not appropriate for special procedures.

N.  **Issues relating to the disclosure or discovery of electronically stored information including (a) issues pertaining to the preservation of such information and (b) issues relating to the form or forms in which such information should be produced:**

None known or anticipated at this time.

**DATED** this 20th day of March, 2023

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        ARUN G. RAO
        Deputy Assistant Attorney General

        AMANDA N. LISKAMM
        Acting Director
        Consumer Protection Branch

        LISA K. HSIAO
        Assistant Director

        SHANNON L. CLARKE
        Assistant U.S. Attorney

        <u>/s/ Patrick R. Runkle</u>
        PATRICK R. RUNKLE
        Senior Litigation Counsel
        MICHAEL J. WADDEN
        Trial Attorney
        Consumer Protection Branch
        United States Department of Justice
        Attorneys for Plaintiff United States

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2023, a copy of the foregoing document was served on the following persons by the following means.

<u>  1,2  </u>  CM/ECF
<u>_____</u>  Hand Delivery
<u>_____</u>  U.S. Mail
<u>_____</u>  Overnight Delivery Service
<u>_____</u>  Fax
<u>_____</u>  E-Mail

| | |
|---|---|
| 1. Clerk of Court | 2. Scott Rhodes<br>1104 Louisiana Avenue,<br>Libby, MT 59923 |

/s/ Patrick R. Runkle_____
**Patrick R. Runkle**
**Senior Litigation Counsel**
**Attorney for Plaintiff**