UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT RHODES,<br><br>  Defendant. | Case No. 21-110-M-DLC-KLD<br><br>**PRO SE DEFENDANT'S OBJECTION TO PLAINTIFF'S PRELMINARY PRETRIAL STATEMENT AS DEFICIENT** |

Pro se Defendant objects to Plaintiff's Preliminary Pretrial Statement filed March 20, 2023 as deficient in the explicit requirements of FRCP 26(a)(1)(i), and L.R. 16.2(b)(1), as ordered by Order of Magistrate Judge Kathleen DeSoto dated January 23, 2023, which reads (para. 5), " The statement shall address all matters listed in L.R. 16.2(b)(1)."

## OMMITTED INFORMATION

L.R. 16.2(b)(1)(J) requires "the name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information." Plaintiff's Statement contains only names and states, and none of those have the required disclosure of the corresponding city.

FRCP 26(a)(1) Initial Disclosure requires (i) "the name and, if known, the address and telephone number of each individual likely to have discoverable information. Likewise, Plaintiff's Statement contains only names and states, and none of those have the disclosure of "address and telephone number".

In the event pro se Defendant has misunderstood the import of FRCP 26(a)(1) directly above, and only L.R. 16.2(b)(1)(J) is controlling, since Plaintiff's statement is still deficient, Defendant here requests that the amended statement include those addresses, per (J) thusly, " If known, the address and telephone number of the individual must be provided to all counsel on request."

## VAGUE, INACCURATE, OR IRRELVANT INFORMATION

Since the deficiency of the Plaintiff's Statement per the preceding page was to be addressed via this Objection anyway, Defendant will take the opportunity to here object to another aspect of the Statement if deemed proper at this time.

Regarding disclosure of witnesses, L.R. 16.2(b)(1)(J) requires the inclusion of "a summary of that information" they are expected to provide. FRCP 26(a)(1)(A)(i) similarly, "along with the subject of that information."

Defendant requests a more accurate and relevant summary of expected witness testimony in Plaintiff's Statement, which is addressed in two places thusly: (para. 10) " These persons may have discoverable information relating to Defendant's conduct, including his conduct of making unlawful spoofed robocalls" and (para. 11) " These individuals may have discoverable information relating to Defendant's conduct, including his conduct of making unlawful spoofed robocalls"

It is suggested that none of those witnesses have discoverable information relating to "Defendant's conduct" "making unlawful" calls but rather merely that they were recipient of calls, with no direct knowledge or testimony regarding any involvement by the Defendant in those calls.

Next, the Statement, same two paragraphs (10, 11), repeats the language " "They may also have discoverable information regarding the harm Defendant caused." This is irrelevant and improper witness testimony. Plaintiff's Complaint is not a tort for damages to supposed victims. A witness's emotional reaction to

2

hearing the recorded messages alleged does not meet what's required to violate the Truth in Caller ID Act upon which the Complaint is based, rather, it is a caller's *intent* to "cause harm". Unless the witnesses listed can offer testimony indicating the Defendant knew them or singled them out to receive a call and indicated to them, "I'll get you. I'll make you suffer," then they have no relevant testimony beyond being a recipient of the recorded phone call.

No doubt, the Plaintiff would like a complacent Court to allow it to improperly prejudice a jury by presenting witnesses' feelings to cloud a jury's judgment with emotion and a mistaken sense they are awarding damages in a tort for emotional distress, but the Defendant objects and asks the Court to recognize the improper nature of such a strategy and limit the scope of witness testimony accordingly.

Last, to the degree that it is relevant, since the Plaintiff's Statement was deficient according to Local Rule, FRCP, and the Order of Judge Kathleen DeSoto, Defendant seeks Court to implement the expedited trial docket called for in the clear warning of J. Desoto in para. 8 of her order, (Caps and underline, hers), PARTIES ARE ADVISED THAT INCOMPLETE OR INADEQUATE INFORMATION ON THE PRELIMINARY PRETRIAL STATEMENT WILL BE DEEMED AN ADMISSION BY THE PARTY THAT THE MATTER IS NON-COMPLEX AND MAY RESULT IN THE CASE BEING SET ON AN EXPEDITED TRIAL DOCKET.

DATED this 21st day of March, 2023

                                              Respectfully submitted,

                                              SCOTT RHODES

                                              By: *s/Scott Rhodes*
                                              Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2023, I electronically filed the forgoing document with the Clerk of Court using the CM/ECF system which will send notification of the filing to the Plaintiff.

By: *s/Scott Rhodes*
Pro Se Defendant