IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT RHODES,<br><br>Defendant. | CV 21–110–M–DLC<br><br><br>ORDER |

A preliminary pretrial conference in this case was held on April 20, 2023 in Missoula, Montana. Plaintiff was represented by Patrick R. Runkle and Michael J. Wadden of the United States Department of Justice. Defendant was represented pro se. After discussion and upon the agreement of the parties, the following order is entered.

**1.** The following schedule will govern all further pretrial proceedings:

Deadline for Amending Pleadings:    May 4, 2023
(without leave of Court)[1]

Disclosure of Plaintiff's
Damages Experts and Simultaneous
Disclosure of Liability Experts:    October 15, 2023

---

[1] Until this deadline, the Court grants the parties free leave to amend their pleadings within the meaning of Federal Rule of Civil Procedure 15(a)(2). After this deadline, a party seeking amendment must file a formal Rule 15(a)(2) motion.

1

| | |
|---|---|
| Disclosure of Defendant's Damages Experts: | November 14, 2023 |
| Discovery Deadline: | December 15, 2023 |
| Motions Deadline (fully briefed): | January 16, 2024 |
| Motions In Limine Deadline: (fully briefed) | March 8, 2024 |
| Attorney Conference to Prepare Final Pretrial Order: | March 28, 2024 |
| E-file Final Pretrial Order, Proposed Jury Instructions, Proposed Voir Dire Questions, and Trial Briefs and e-mail to dlc_propord@mtd.uscourts.gov (Trial Briefs are optional): | April 4, 2024 |
| Notice to Court Reporter of Intent to Use Real-Time: | April 4, 2024 |
| Notice to I.T. Supervisor of Intent to Use CD-ROM or Videoconferencing: | April 4, 2024 |
| Final Pretrial Conference: | April 11, 2024, at 2:30 p.m. Missoula, Montana |
| Jury Trial (7-member jury): | April 22, 2024, at 9:00 a.m.[1] Russell Smith Federal Courthouse Missoula, Montana |

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Federal Rule Criminal Procedure 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.

**The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline, without a court order.  However, parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court.  Such motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

**IT IS FURTHER ORDERED:**

2.	**Local Rules and Electronic Filing**.  Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2022, and apply in all cases pending when changes become effective.  In addition, all counsel shall take steps to register in the Court's electronic filing system ("CM-ECF").  All counsel must show cause if they are not filing electronically.  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.  See also L.R. 1.4.

3.	**Service by E-Mail for Parties Not Filing Electronically**.  Parties not filing electronically may consent to be served by e-mail, pursuant to Federal Rule Civil Procedure 5(b)(2)(E), by agreeing to such service in writing.

4.	**Stipulations**.  The parties have not stipulated to any facts.

5.	**Cooperation and Proportionality**.  The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this

proceeding.  Fed. R. Civ. P. 1.  Discovery shall be proportional to the reasonable needs of the case.  Fed. R. Civ. P. 26(b)(1).

6.     **Discovery Exhibits**.  The parties are encouraged to use a consistent numbering system for all documents produced and used during discovery, and to use this same numbering system, to the extent possible, for the same documents listed as trial exhibits in the pretrial order.  The parties shall also use a numbering system that is consistent with the requirements of the District of Montana's digital Jury Evidence Recording System (JERS), as described in paragraph 18 of this Order.

7.     **Foundation & authenticity of discovery items**.  Pursuant to Federal Rule Civil Procedure 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery.  However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery.  If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production.  This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial.  All other objections are reserved for trial.

**8.     Supplementation of Discovery Responses**.  Pursuant to Federal Rule Civil Procedure 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**8a.    Motions to Compel Discovery.**  Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs.  *See* Fed. R. Civ. P. 37(a)(5).  Counsel must certify its compliance with this requirement in the motion.  In addition, at the time the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

**9.     Expert Disclosure**.

(a)    Retained or Specially Employed

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.  Expert reports must satisfy the specific requirements of Federal Rule Civil Procedure 26(a)(2)(B).  Objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be filed in the form of a motion within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived.  Objections related to expert witnesses or testimony on any

grounds other than the timeliness or sufficiency of a Rule 26(a)(2)(B) report are appropriately raised through motions in limine submitted by the date set forth in paragraph 1, and need not be raised within this 14 day window.  <u>An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed</u>.  In this regard, a treating physician is not considered a retained expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis.  If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

    (b)    **Other Witnesses Who Will Present Expert Testimony.**

With respect to those expert witnesses not required to provide a written report pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

        (i)    the subject matter on which the witness is expected to present evidence under Federal Rule Evidence 702, 703, or 705; and

        (ii)    a summary of the facts and opinions to which the witness is expected to testify.

**10.**    **Rebuttal Experts**.  Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to

provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

**11.    Supplementation of Incomplete or Incorrect Expert Reports**. Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect</u>, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**12.    Motions**.  Pursuant to Federal Rule Civil Procedure 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph one.  "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the Court.  **If the parties can reach an agreement concerning the use of certain confidential and financial commercial information there is no need to seek a protective order from this Court.  Unless the parties can show that a negotiated and signed stipulation is insufficient to protect their interests, the Court will not issue any protective orders.**

13. **Unopposed Motions.** Unopposed motions shall be accompanied by a proposed order, separate from the motion. The proposed order shall be a Word or Word Perfect document with 14-point Times New Roman font, and there shall be no code or formatting in the case caption in the proposed order. The proposed order shall be e-filed under the heading "Text of Proposed Order" and e-mailed to dlc_propord@mtd.uscourts.gov. Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

14. **Hearings & Oral Arguments**. Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

15. **Number of Jurors and Length of Trial**. Trial of this case shall be conducted in Missoula, Montana, before a jury of seven persons. The parties expect the trial to last five to seven days.

16. **Attorney Conference for Trial Preparation**. If the case does not settle, counsel for the plaintiffs shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in Local Rule 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Federal Rule Civil Procedure 26(a)(3)(A)(i)-(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition

testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  See generally Forms D, E, and F, L.R. Appendix C.

17. **Trial Exhibits**.

(a) Counsel shall electronically exchange exhibits with opposing counsel prior to the final pretrial conference.  Counsel must provide to the Court a binder of paper copies of the exhibits at the time of the Final Pretrial Conference, and also to opposing counsel, if requested.   The binders must bear an extended tab showing the number of the exhibit.  An electronic copy of the exhibits shall be provided to the Court's courtroom deputy at the time of the Final Pretrial Conference in a format compatible with JERS as provided in paragraph 18 of this Order.

(b) Each exhibit must show the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, L.R. Appendix C.

(c) Exhibits shall be numbered in a manner that is consistent with paragraphs 6 and 18 of this Order.  The parties shall not use the same range of exhibit numbers.  Exhibits shall not be duplicated.  An exhibit may be used by either of the parties.

18. **Jury Evidence Recording System (JERS)**.  The parties shall be prepared to use the Jury Evidence Recording System (JERS).  JERS is available through the

court. It allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations. Detailed information about how to use JERS, including contact information for District personnel who can assist in understanding and using JERS, is found on the Court's website, http://www.mtd.uscourts.gov/ under the heading "Attorneys."

**19.    Final Pretrial Order**. The parties should e-file the proposed Final Pretrial Order and e-mail a copy in Word or Word Perfect format to dlc_propord@mtd.uscourts.gov. Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**20.    Final Pretrial Conference**. Counsel for the parties shall appear before the Court in the assigned courtroom for the final pretrial conference on the date and time set forth in paragraph 1, unless otherwise directed by the Court. Each party should bring the Court's copy of its trial exhibits if a copy has not already been delivered to chambers.

**21.    Trial Briefs**. Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 1.

**22.    Jury Instructions**.

(a)    The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions). If necessary, each party may also prepare a set

of proposed supplemental instructions if different from the agreed joint instructions.  **No two instructions shall be submitted with the same number.**  The parties shall also prepare an agreed upon verdict form with the instructions.  If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

 (b) <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>:  By the date set forth in paragraph 1, any party filing electronically or, if no party is filing electronically, Plaintiff's counsel shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, in Word or Word Perfect format to dlc_propord@mtd.uscourts.gov.  If the documents are filed conventionally, the filing party must deliver them to the Clerk of Court in the Division of venue.

 (c) <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in Word or Word Perfect format to dlc_propord@mtd.uscourts.gov.

    (d)    <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) deliver to the Clerk of Court in the Division of venue one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to dlc_propord@mtd.uscourts.gov.

**23.**    **Format of Jury Instructions.**

    (a)    The <u>clean copy</u> shall contain:

        (1)    a heading reading "Instruction No. ___", and

        (2)    the text of the instruction.

    (b)    The <u>working copy</u> shall contain:

        (1)    a heading reading "Instruction No. _",

        (2)    the text of the instruction,

        (3)    the number of the proposed instruction,

        (4)    the legal authority for the instruction, and

        (5)    the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

    (c)    Jury instructions shall be prepared in 14-point Times New Roman font.

**24.** **Settling of Instructions.** The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**25.** **Calling Witnesses At Trial.**

When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document, see Form I, Local Rules Appendix C, providing the following information about the witness:

(a) the full name and current address of the witness;

(b) a brief description of the nature and substance of the witness's testimony;

(c) date witness was deposed or statement taken; and

(d) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 20th day of April, 2023.

_____
Dana L. Christensen, District Judge
United States District Court