**BRIAN M. BOYNTON**
Principal Deputy Assistant Attorney General
**ARUN G. RAO**
Deputy Assistant Attorney General
**AMANDA N. LISKAMM**
Director, Consumer Protection Branch
**LISA K. HSIAO**
Assistant Director
**PATRICK R. RUNKLE**
Senior Litigation Counsel
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 532-4723
    Email: Patrick.R.Runkle@usdoj.gov
**MICHAEL J. WADDEN**
Trial Attorney
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 305-7133
    Email: Michael.J.Wadden@usdoj.gov
**SHANNON L. CLARKE**
Assistant U.S. Attorney
    U.S. Attorney's Office,
    P.O. Box 8329,
    Missoula, MT 59807
    Telephone: (406) 542-8851
    Email: shannon.clarke@usdoj.gov
**Attorneys for Plaintiff United States of America**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT RHODES,<br><br>Defendant. | CV 21-110-M-DLC-KLD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |

Defendant Scott Rhodes has filed a motion for a protective order. Rhodes' motion is premature and meritless, and it should be denied.

## BACKGROUND

On September 27, 2021, the government filed the Complaint in this case. Count One of the Complaint requests that the Court enforce the FCC Forfeiture Order against Rhodes pursuant to 47 U.S.C. § 504(a). (Compl. ¶¶ 41–48.) Count Two requests that the Court enjoin Rhodes from committing future violations of any provision of the Communications Act of 1934, 47 U.S.C. §§ 151 *et seq.*, pursuant to 47 U.S.C. § 401(a). (Compl. ¶¶ 49–53.)

The parties have been engaged in discovery, and Rhodes has objected to the government obtaining information about people who have donated money to him in connection with his podcast "the Road to Power," which is also the name that was stated on the robocalls at issue in this case. (Compl. ¶ 19.) During the meet-and-confer preceding this motion, the government stated to Rhodes that it was not currently seeking the personal information of people who donated money to Rhodes, and would resume the meet-and-confer should the government decide to seek such information from any third party. *See* Email from Wadden to Rhodes (July 20, 2023) (Ex. A).

## LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b). Under the liberal discovery principles of the Federal Rules, a party is "required to carry a heavy burden" of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Under Rule 26(c), the Court may issue a protective order if the party seeking the order establishes "good cause" and the protective order is required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## ARGUMENT

1. **The Court should deny Rhodes' motion because it is moot, premature, and does not relate to a specific discovery request.**

As the government described to Rhodes in July 2023, the government does not intend to seek the specific personal information of people whose only

2

relevance to the case is that they donated money to Rhodes.[1] Though the government did request that Rhodes produce documents related to revenue obtained in connection with "The Road to Power," Rhodes asserted that he did not possess any responsive records, and the government has not moved to compel. *See* Email from Wadden to Rhodes (June 30, 2023) (Ex. B). Furthermore, should Rhodes' position about documents related to donations change, the government's current position is that the names, addresses, phone numbers, email addresses, and other identifying information of people who merely donated money to Rhodes can be redacted from discovery that Rhodes provides.[2] To the extent that Rhodes' motion is about the government's discovery requests directed at Rhodes, Rhodes' stated lack of documents and the government's position moots the motion, and Rhodes' motion should be denied without prejudice.

To the extent that Rhodes' motion is about Rhodes' concern that the government will subpoena donor information from other sources, the motion is

---

[1] The government takes Rhodes' motion at face value to relate only to donor information. To the extent that any of Rhodes' donors could have some other role in the case, such as assisting Rhodes in placing the calls at issue, obviously the calculus would be very different as to whether the government wants to or is entitled to obtain their personal information.

[2] The government orally informed Rhodes during the meet-and-confer that it would consider agreeing that Rhodes could redact personal information of donors from discovery he provides. As the meet-and-confer did not continue after that conversation, the government did not make that position final until this filing.

unripe, nonspecific, and moot. There are no outstanding subpoenas that implicate information about Rhodes' donors. Nor does the government currently plan to issue any such subpoenas. Moreover, if any subpoenas are issued that implicate these concerns, Rhodes will receive advance notice of such third-party subpoenas under Rule 45(a)(4) and will be able to take appropriate action.[3] As there is no subpoena outstanding that seeks the information Rhodes is concerned about, and Rhodes has not specifically articulated why a protective order is necessary to prevent the government from obtaining information it is not seeking, his motion should be denied without prejudice. *Phillips*, 307 F.3d at 1210-11.

2. **On the merits, Rhodes fails to meet his burden.**

If this Court chooses to consider the merits of Rhodes' motion, which it should decline to do, the motion is meritless and should be denied.

### a. Information about Rhodes' income associated with "The Road to Power"

Information about donations to Rhodes as a result of the robocalls at issue in this case is clearly discoverable. Among other things, the information relates to

---

[3] To the extent that Rhodes is concerned about informal requests the government may make to third parties to obtain such information, the government states that no such requests are outstanding, nor does the government currently plan to make such requests.

whether Rhodes attempted to "wrongfully obtain anything of value" by spoofing illegal robocalls in violation of Truth in Caller ID Act. 47 U.S.C. § 227(e)(1).

### b. Rhodes has failed to make a prima facie showing of First Amendment privilege

As the Ninth Circuit explained in *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010), claims that discovery would unduly interfere with First Amendment privileges are subject to a two-part framework. First, the party asserting the privilege must make a "*prima facie* showing" of "arguable first amendment infringement," demonstrating that enforcement of the discovery requests will result in: (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or "chilling" of members' associational rights. *Id.* at 1160-61.

Rhodes' motion fails at this first step for two reasons. *First*, Rhodes has not identified "members" of an "organization" whose First Amendment rights will be impacted by the discovery to which he objects. The *NAACP v. Alabama* First Amendment framework, as explicated by the Ninth Circuit in *Perry*, relates to organizations whose membership's First Amendment rights would be implicated by discovery requests. Here, Rhodes does not articulate what organization's or member's First Amendment activity would be implicated by the discovery at issue.

*Second*, and more importantly, Rhodes has not made any factual showing whatsoever that anyone's First Amendment rights are implicated by the discovery

at issue. A party asserting a First Amendment privilege to discovery must make some showing—usually through declarations or some other documentary evidence—that the privilege applies in order to shift the burden to the other party to justify obtaining the discovery. *Perry*, 591 F.3d at 1140-41; *In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 488 (10th Cir. 2011) (collecting cases) ("[T]he weight of existing authority instructs that the party claiming a First Amendment privilege in an objection to a discovery request bears the burden to make a *prima facie* showing of the privilege's applicability.").

Rhodes' motion makes a blanket assumption that the First Amendment privilege applies to any discovery about people who have donated to Rhodes in connection with his "Road to Power" robocalling activities, without making any showing at all that such discovery in this case would lead to any type of chilling effect whatsoever. *See Perry*, 591 F.3d at 1143 (discussing declarations that established prima facie burden on First Amendment activity). Courts routinely deny such blanket invocations of the First Amendment privilege that do not explain how and why the privilege applies to the discovery at issue. *See Cameron v. City of El Segundo*, No. 2:20-CV-04689, 2021 WL 3466324, at *17 (C.D. Cal. Apr. 30, 2021) ("Plaintiff's blanket invocation [of the First Amendment privilege] is currently unsupported by evidence sufficient to make out a prima facie case, is conclusory and fails to provide Defendant or the Court with sufficient information

to enable the Court to assess whether the information sought is actually entitled to protection under the First Amendment."). Without any evidence of a chilling effect, Rhodes' motion fails on the merits.

Because the motion is moot and/or unripe as described in Section 1 above, and because Rhodes has failed to make any showing at all at step one of the *Perry* framework on the merits, it is unnecessary for the Court to consider whether the information at issue here is "rationally related to a compelling governmental interest" and that there are no other less restrictive means of securing that information. *See also Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, No. 15-CV-03522, 2015 WL 13333328, at *2 (N.D. Cal. Nov. 20, 2015). The government reserves arguments on step two for such time as specific discovery requests are at issue and Rhodes makes out a *prima facie* case for First Amendment privilege related to those requests.

## CONCLUSION

The United States respectfully requests that this Court deny Rhodes' motion in its entirety.

**DATED** this 25th day of August, 2023

                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Acting Assistant Attorney General

                        ARUN G. RAO
                        Deputy Assistant Attorney General

                        AMANDA LISKAMM
                        Director, Consumer Protection Branch

                        LISA K. HSIAO
                        Assistant Director

                        SHANNON L. CLARKE
                        Assistant U.S. Attorney

                        /s/ Patrick R. Runkle
                        PATRICK R. RUNKLE
                        Senior Litigation Counsel
                        MICHAEL J. WADDEN
                        Trial Attorney
                        Consumer Protection Branch
                        United States Department of Justice
                        Attorneys for Plaintiff United States

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,575 words, excluding the caption and certificates of service and compliance.

**DATED** this 25th day of August, 2023

                                          /s/     Patrick R. Runkle
                                          **PATRICK R. RUNKLE**
                                          **Senior Litigation Counsel**
                                          **Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 25th day of August, 2023, a copy of the foregoing document was served on the following person by the following means.

   <u> 1,2 </u> CM/ECF
   <u>   </u> Hand Delivery
   <u>   </u> U.S. Mail
   <u>   </u> Overnight Delivery Service
   <u>   </u> Fax
   <u>   </u> E-Mail

1. Clerk of Court         2. Scott Rhodes
                 1104 Louisiana Avenue,
                 Libby, MT 59923


                 **/s/ Patrick R. Runkle**
                 **Patrick R. Runkle**
                 **Senior Litigation Counsel**
                 **Attorney for Plaintiff**