AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Ktunaxa Room<br>Best Western Plus Kootenai River Inn Casino & Spa<br>7169 Plaza St, Bonners Ferry, ID 83805 | Date and Time:<br>1 p.m. Sept. 26th, 2023 |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Scott Rhodes
_____, who issues or requests this subpoena, are:

Scott Rhodes 7167 1st St, #862 Bonners Ferry, ID 83805 olsonsubpoena@protonmail.com 208-254-0990

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 21-110-M-DLC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *Sandpoint Reader LLC* on *September 1, 2023.*

☑ I served the subpoena by delivering a copy to the named person as follows:

Ben Olson - Registered Agent of Sandpoint Reader LLC - at:

111 Cedar St. STE 9 Sandpoint, ID. 83864   on *(date)* September 5, 2023   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $            for travel and $            for services, for a total of $ 97.50

I declare under penalty of perjury that this information is true.

Date: 09/05/2023

*Server's signature*

Christopher Swan, Private Investigator

*Printed name and title*

Resolve Investigations LLC
217 Cedar St. #69 Sandpoint, ID. 83864

*Server's address*

Additional information regarding attempted service, etc.:

Case 9:21-cv-00110-DLC   Document 62   Filed 09/05/23   Page 3 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### I.     DEFINITIONS

As used in this Subpoena, the following definitions shall apply:

1. The "**Company**" means **Sandpoint Reader LLC**, its members, partners, directors, employees, and all related entities, including but not limited to **Benjamin Likens Olson**, all foreign or domestic wholly or partially owned subsidiaries, parent companies, unincorporated divisions, joint ventures, partnerships, predecessors, retailers, call centers, franchisees, partners, agents, and operations under assumed or "doing business as" names.

2. "**You**" and "**Your**" is the person or entity to whom this subpoena is issued and includes the Company.

3. "**Person**" or "**Persons**" means any individual, group, unincorporated association, limited or general partnership, corporation or any other business entity.

4. "**Relate to,**" "**Relating to**" or "**Referring to**" mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

5. "**Document**" is used in the broadest sense of the word and means any written, recorded, or graphic material that is in the Company's possession, custody, or control. The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

6. Use of the singular shall be deemed to include the plural. As used herein, the terms **"and"** and **"or," "any"** and **"all,"** and **"each"** and **"every"** shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, to achieve the fullest disclosure of information.

### II.     DIRECTIONS

1. This subpoena demands the production of documents in the possession, custody, or control of the Company as defined in DEFINITIONS #1 above.

2. Documents within the subpoena period include all documents prepared, sent, dated, received, in effect, or which otherwise came into existence at any time from **November 29, 2017**, **to the date of response** to the subpoena.

3. In lieu of personal appearance at the date and time specified on the face of the subpoena, you may instead send the responsive documents via **U.S. Mail** or an **overnight delivery Service** to:

    Scott Rhodes
    7167 1st St. #862
    Bonners Ferry ID 83805-2338

4. Conduct a search for responsive documents in a manner sufficient to identify the source and location where each responsive document is found. Produce all documents as they

> are kept in the usual course of business, or organize them and label them to correspond with the specifications outlined in the subpoena and corresponding attachments. To the extent that documents are found in file folders and other similar containers which have labels or other identifiers, produce the contents with the file folder and label information intact.

**5.** All documents responsive to the subpoena must be supplied in complete form. The originals of paper documents may either be produced in hard-copy format, or be produced in electronic format.

**6.** Mark each page with an identifying logo and sequential numbering (*i.e.*, a Bates number) to facilitate the handling and return of the submitted original documents. Identifying marks should be placed in the lower right-hand corner of each page and should not obscure any information on the document.

**7.** Identify a qualified custodian of records who will be available to testify concerning the production and authentication of documents and records sought by this subpoena and have that individual complete the certificate of authenticity included as **Attachment B**. Return the completed certificate with your response to this subpoena.

**8.** If there are no documents responsive to a paragraph of the subpoena, provide a detailed statement to that effect.

**9.** When you know of documents that you once possessed or controlled, but no longer possess or control, which would have been responsive to this subpoena, state what disposition was made of such documents, including identification of the person(s) believed to be in possession or control of such documents currently.

### III.   SPECIFICATIONS

Subject to the limitations set forth in the directions above, produce the following information:

1. All documents of URLs at which appear or appeared a video alleging the sharing of child pornography by Ben Olson.

2. All documents of emails containing links to any online video alleging the sharing of child pornography by Ben Olson.

3. All documents of written communications by you to the owners or managers or administrators of the URLs in #2 above, including but not limited to emails by you seeking removal of said video in #2 above.

4. All recordings of all people made in relation to Scott Rhodes, including but not limited to individuals more specifically described elsewhere herein.

5. All audio and/or video recordings of Vance Geisinger of Bonner County, Idaho.

6. All documents you either gave or showed to Vance Geisinger of Bonner County, Idaho.

7. All documents of communications in which you shared the name and/or phone number of Vance Geisinger with others.

8. All audio and/or video recordings of Scott Rhodes.

9. All audio and/or video recordings of people and/or conversations with people at 1309 Ponderosa Dr. Sandpoint, ID.

10. All written documentation and/or notes related to interactions between you and people at 1309 Ponderosa Dr. Sandpoint, ID.

11. All recordings of Daryl Sobczak.

12. All written records related to conversations with Daryl Sobczak including but not limited to notes or any transcription of an audio recording.

13. All documents of threats or "hate mail", i.e. expressions of anger, contempt, disgust directed at you, either written hardcopy or via electronic media that you have claimed to others as being by and/or from Scott Rhodes.

14. Everything you have written about Scott Rhodes, including online such as Facebook posts, online comments, etc.

15. All recordings made by you of Patrick Little and documents related to such.

16. All documents related to conversations between you and Patrick Little including but not limited to notes made by you related to same.

17. All documents written by others quoting you about Scott Rhodes.

18. All documents of communications by you to providers of any service for a video podcast called "The Road to Power", including but not limited to webhosting platforms, phone service providers, email providers, video hosting platforms.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws
        *Name*

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by _____
                                                                                                    *Entity*

(hereinafter "the entity"), and my title is _____. I am qualified
                                                *Title*

to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of the provider. The attached records consist of

_____. I further state that:
*Generally describe records (pages/CDs or DVDs/megabytes)*

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of the entity, and they were made by the entity as a regular practice; and

    b.    such records were generated by the entity's electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of the entity in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by the entity, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____  _____
Date                                              Signature