**BRIAN M. BOYNTON**
**Principal Deputy Assistant Attorney General**
**ARUN G. RAO**
**Deputy Assistant Attorney General**
**AMANDA N. LISKAMM**
**Director, Consumer Protection Branch**
**LISA K. HSIAO**
**Assistant Director**
**PATRICK R. RUNKLE**
**Senior Litigation Counsel**
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 532-4723
    Email: Patrick.R.Runkle@usdoj.gov
**MICHAEL J. WADDEN**
**Trial Attorney**
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 305-7133
    Email: Michael.J.Wadden@usdoj.gov
**SHANNON L. CLARKE**
**Assistant U.S. Attorney**
    U.S. Attorney's Office,
    P.O. Box 8329,
    Missoula, MT 59807
    Telephone: (406) 542-8851
    Email: shannon.clarke@usdoj.gov
**Attorneys for Plaintiff United States of America**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | CV 21-110-M-DLC-KLD |
| vs. | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO FOR AN EXTENSION** |
| **SCOTT RHODES,** | |
| Defendant. | |

Defendant Scott Rhodes has filed a motion requesting a 63-day extension to the deadline for his opposition to the United States' Motion for Partial Summary Judgment (Doc. 63). Rhodes' motion should be denied. As the government discussed with Rhodes during the conference over this motion, the government would not object to Rhodes being granted a reasonable extension of up to 14 days. But the 63-day extension Rhodes has requested is not justifiable and will delay resolution of this case for no reason.

## BACKGROUND

On September 27, 2021, the government filed the Complaint in this case. (Doc. 1.) On April 20, 2023, the Court held a Preliminary Pretrial Conference. (*See* Doc. 51.) During that conference, the Court set a discovery deadline of December 15, 2023, a fully briefed motions deadline of January 16, 2024, and a Final Pretrial Conference date of April 11, 2024. (*Id.*) The Court specifically encouraged the parties to file dispositive motions early, to enable the Court to decide them substantially in advance of the Final Pretrial Conference deadline. (*See* Doc. 56 at 22:5–22:10 ("If you've got your substantive motions ready and want to file them earlier, all the better, gives me more time to read everything and get a ruling out before the final pretrial conference.").)

About six months after the Preliminary Pretrial Conference, on October 13, 2023, the government filed its Motion for Partial Summary Judgment. (Doc. 63.)

1

Pursuant to Local Rule 7.1(d)(1)(B)(i), the default deadline for Rhodes' opposition is November 3, 2023—21 days after the government's motion was filed.

On October 25, 2023, after rejecting the government's offer of a two-week extension, Rhodes filed his motion asking the Court to extend his response deadline by 63 days, to 21 days after the close of discovery (January 5, 2024).

## LEGAL STANDARD

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, a court may generally "for good cause, extend the time" for responses to motions. *See Century 21 Real Est. LLC v. Camden Sec. Inc.*, Civ. No. 07-834, 2013 WL 12058576, at *1–2 (C.D. Cal. Jan. 17, 2013) (collecting cases on "good cause" requirement in *pro se* litigation). In the context of summary judgment motions, Rule 56(d) provides that a court may defer a party's response to a summary judgment motion until after the party has the opportunity to discover additional evidence, but only if the party provides "sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Nat'l Fire & Marine Ins. Co. v. Hampton*, 831 F. App'x 244, 246 (9th Cir. 2020) (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)). The party seeking to defer summary judgment "must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th

Cir. 1998) (citations omitted). These Rules apply to *pro se* parties. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

## ARGUMENT

Rhodes has not provided any valid justification for extending his opposition deadline until 21 days after the close of discovery, let alone made the showing required under Rule 56(d). Rhodes' motion gives three supposed reasons why the Court should grant him a 63-day extension, but none support his request.

***First***, Rhodes complains that the government's motion "is premature while discovery [is] ongoing." (Doc. 72 at 3.) That is plainly wrong. Rule 56(b) authorizes parties to "file a motion for summary judgment at any time until 30 days after the close of all discovery[,]" and this Court specifically encouraged the parties to file motions ahead of deadlines if possible. (*See* Doc. 56 at 22:5–22:10.). The parties have had more than six months to conduct discovery, and the government's motion is timely and appropriate.

***Second***, Rhodes asserts that he needs more time to prepare a legal defense that the Complaint should be dismissed because FCC did not follow a purported procedural requirement before proceeding against Rhodes. (Doc. 72 at 6–7.) But Rhodes articulated this argument years ago in his Response to FCC's Notice of Apparent Liability (Doc. 1-2 ¶¶ 92–102), and he provides no reason why presenting a purely legal argument requires a 63-day extension to his opposition

3

deadline. *See Century 21 Real Est. LLC*, 2013 WL 12058576, at *1–2 (C.D. Cal. Jan. 17, 2013) (*pro se* status is not an extenuating circumstance permitting a party extra time for motions practice).

**Third**, Rhodes asserts that he needs additional time to enforce a subpoena against one of the victims of his illegal spoofed robocalls, Ben Olson. (*See* Doc. 72 at 4–6.) Even construing Rhodes' motion as a motion under Rule 56(d), Rhodes does not explain what new records he could expect to obtain from Olson that could affect the resolution of simple dispositive questions raised by the government's motion: whether Rhodes made the spoofed calls at issue and whether he acted with the intent to cause harm and/or wrongfully gain.

A review of Rhodes' massively overbroad subpoena and threatening letter to Olson's counsel reflect that Rhodes is using the discovery process to seek records irrelevant to any material fact in this litigation and to harass Olson with threats of sanctions and incarceration. (*See* Doc. 72 at 24, 19 (threatening Olson with a "monetary penalty and potential jail time" if he does not provide, *inter alia*, "[a]ll documents written by others quoting you about Scott Rhodes"). Not only does Rhodes' motion come nowhere near satisfying the Rule 56(d) standard, Rhodes' vexatious use of discovery to further harass Olson is a reason for the Court to consider the government's Motion for Partial Summary Judgment even more

4

promptly. Rhodes should not be given a multi-month extension in order to further victimize Olson, or possibly others.

In sum, the government's summary judgment motion has demonstrated definitively that Rhodes committed the violations alleged. There is no material factual dispute as to Rhodes' liability, no relevant discovery Rhodes needs time to pursue, and no justification for the multi-month delay in the disposition of the government's motion that Rhodes seeks.

## CONCLUSION

The United States respectfully requests that the Court deny Rhodes' motion for a 63-day extension of the deadline for his opposition to the United States' Motion for Partial Summary Judgment. As the government already stated to Rhodes, the government does not oppose a reasonable extension of up to 14 days, though the government would request a reciprocal 7-day extension on its reply deadline, to the extent Rhodes' extension pushes the reply period into the Thanksgiving holiday.

**DATED** this 27th day of October, 2023

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        ARUN G. RAO
        Deputy Assistant Attorney General

        AMANDA LISKAMM
        Director, Consumer Protection Branch

        LISA K. HSIAO
        Assistant Director

        SHANNON L. CLARKE
        Assistant U.S. Attorney

        /s/ Michael J. Wadden
        PATRICK R. RUNKLE
        Senior Litigation Counsel
        MICHAEL J. WADDEN
        Trial Attorney
        Consumer Protection Branch
        United States Department of Justice
        Attorneys for Plaintiff United States

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,085 words, excluding the caption and certificates of service and compliance.

**DATED** this 27th day of October, 2023

                                  /s/ Michael J. Wadden
                                  **MICHAEL J. WADDEN**
                                  **Trial Attorney**
                                  **Attorney for Plaintiff**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October, 2023, a copy of the foregoing document was served on the following person by the following means.

  1,2   CM/ECF
\_\_\_\_ Hand Delivery
\_\_\_\_ U.S. Mail
\_\_\_\_ Overnight Delivery Service
\_\_\_\_ Fax
\_\_\_\_ E-Mail

1. Clerk of Court

2. Scott Rhodes
   1104 Louisiana Avenue,
   Libby, MT 59923

 

**/s/  Michael J. Wadden**
**MICHAEL J. WADDEN**
**Trial Attorney**
**Attorney for Plaintiff**