IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 21–110–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SCOTT RHODES, | |
| Defendant. | |

Before the Court are Defendant Scott Rhodes's Pro Se Motion in Limine (Doc. 53) and Pro Se Motion to Enter Protective Order (Doc. 58). The United States opposes both motions. (Docs. 55, 60.) For the reasons discussed below, the Court denies the motions.

## I.   Motion in Limine

In his Motion in Limine, Rhodes seeks "an Order from the Court, in advance of trial, to rein in the Plaintiff's desire to expand the scope and duration of the trial unnecessarily," and "requests the Court exercise its discretion to do such now instead of later, so as to guide discovery by both parties to issues productive and relevant to trial." (Doc. 53 at 2.) Alternatively, Rhodes requests a six month continuance of the trial set for April 22, 2024, "to allow for the necessary investigation/discovery for the additional issues Plaintiff would have expanded the

trial to include." (*Id.*)  In summary, Rhodes seeks to limit evidence to that which is relevant, non-prejudicial, and non-confusing to jurors pursuant to the Federal Rules of Evidence.  (*See id.*)  Rhodes identifies certain documents and categories of evidence that he argues should not be permitted on these grounds.  (*See id.*)

A motion in limine is a "procedural mechanism" through which questions regarding the admissibility of "testimony or evidence in a particular area" may be resolved before trial.  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  Such in limine rulings are preliminary, and the Court "may always change [its] mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).  "Evidence shall be excluded in limine only when it is shown that the evidence is inadmissible on all potential grounds.  Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  *Speaks v. Mazda Motor Corp.*, 118 F. Supp. 3d 1212, 1217 (D. Mont. 2015) (internal quotation marks and citation omitted).

Rhodes filed this motion in limine in June 2023, approximately six months before the close of discovery and eleven months before trial.  Rhodes has failed to demonstrate that the evidence raised in his motion is inadmissible on all potential grounds.  Accordingly, the Court reserves ruling on the admissibility of the evidence identified in Rhodes's motion in limine until trial.  The Court does not

find good cause to grant the requested six-month continuance.  Accordingly,

Rhodes's motion is denied.

## II.     Motion to Enter Protective Order

In his Motion to Enter Protective Order, Rhodes requests that the Court enter

a protective order "preventing the government from obtaining information

allowing it to identify donors" to his podcast, "The Road to Power."  (Doc. 59 at 2,

14.)

The Court "may, for good cause, issue an order to protect a party from

annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ.

P. 26(c)(1).  The party seeking protection bears the burden of showing specific

prejudice or harm will result if not protective order is granted."  *Phillips ex rel.*

*Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  The

Court has "broad discretion . . . to decide when a protective order is appropriate

and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467

U.S. 20, 36 (1984).

Rhodes argues that information regarding (1) monetary donations to the

podcast, and (2) the identity of individuals who may have donated to the podcast,

should not be subject to discovery in this matter because it is not relevant and

would interfere with the First Amendment privileges of his donors.  (Doc. 59 at 3–

9.)  The United States contends that the motion is moot and/or not ripe because the

government is not seeking personally identifiable information ("PII") of people who merely donated money to Rhodes, there are no outstanding subpoenas that implicate such information, nor does the government currently plan to issue any such subpoenas.  (Doc. 61 at 3–5.)  The United States also argues that Rhodes's motion fails on the merits.  (*Id.* at 5–8.)

The Court agrees that it need not reach the merits of Rhodes's First Amendment privilege argument because the issue is not properly before the Court. The United States has not sought to discover any of the material Rhodes seeks to protect from discovery nor has the Court compelled the disclosure of such information.  Should the issue arise in the future, Rhodes will be given advance notice of any subpoena pursuant to Fed. R. Civ. P. 45(a)(4) and may then move to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3).

Accordingly, IT IS ORDERED that Rhodes's First Motion in Limine (Doc. 53) is DENIED.  The Court reserves ruling on the admissibility of the evidence raised in Rhodes's motion.

IT IS FURTHER ORDERED that Rhodes's Motion for Protective Order (Doc. 58) is DENIED.

The Court's scheduling order (Doc. 51) remains in full force and effect.

DATED this 16th day of November, 2023.

4

Dana L. Christensen, District Judge
United States District Court