**BRIAN M. BOYNTON**
Principal Deputy Assistant Attorney General
**ARUN G. RAO**
Deputy Assistant Attorney General
**AMANDA N. LISKAMM**
Director, Consumer Protection Branch
**LISA K. HSIAO**
Assistant Director
**PATRICK R. RUNKLE**
Senior Litigation Counsel
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 532-4723
    Email: Patrick.R.Runkle@usdoj.gov
**MICHAEL J. WADDEN**
Trial Attorney
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 305-7133
    Email: Michael.J.Wadden@usdoj.gov
**SHANNON L. CLARKE**
Assistant U.S. Attorney
    U.S. Attorney's Office,
    P.O. Box 8329,
    Missoula, MT 59807
    Telephone: (406) 542-8851
    Email: shannon.clarke@usdoj.gov
**Attorneys for Plaintiff United States of America**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT RHODES,<br><br>Defendant. | CV 21-110-M-DLC-KLD<br><br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS** |

Defendant Scott Rhodes has filed a motion requesting Rule 11 sanctions be imposed against the government. (Doc. 77, "Sanctions Motion"). Rhodes' motion is frivolous and should be denied in its entirety.

## BACKGROUND

On October 13, 2023, the government filed its Motion for Partial Summary Judgment. (Doc. 63.) On October 25, 2023, Rhodes petitioned the Court to extend his response deadline to January 5, 2024. (Doc. 72.) The Court denied this request but granted Rhodes a 21-day extension. (Doc. 75.) Rhodes then wrote counsel for the government that he intended to file a motion for Rule 11 sanctions unless the government withdrew its Motion for Partial Summary Judgment. (*See* Ex. 1, Sanctions Correspondence, at 2–3.) Counsel responded that the government would not withdraw its motion and warned Rhodes that the government could seek attorney's fees if Rhodes filed his frivolous Sanctions Motion. (*Id*. at 1–2)

## LEGAL STANDARD

Rule 11 provides for sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). "The central purpose of Rule 11 is to deter baseless filings." *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994). "A court may not impose sanctions where the attorney 'conducted a reasonable inquiry and . . . determined that any papers filed

with the court are well-grounded in fact, legally tenable, and not interposed for some improper purpose.'" *Id.* (quoting *Greenberg v. Sala,* 822 F.2d 882, 886–87 (9th Cir. 1987)) (alterations in original).

If a party files a frivolous Rule 11 sanctions motion, Rule 11(c)(2) provides that the Court may grant the opposing party its "reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2); *see also Rich v. Taser Int'l, Inc.*, Civ. No. 09-02450-ECR, 2012 WL 3155137, at *3 (D. Nev. Aug. 2, 2012) (granting fees incurred responding to frivolous sanctions motion); *MetLife Bank, N.A. v. Badostain*, Civ. No. 10-118-EJL-CWD, 2011 WL 1704175, at *2 (D. Idaho May 4, 2011) (similar).

## ARGUMENT

Rhodes has not provided any remotely plausible justification for the imposition of Rule 11 sanctions against the government. Rhodes identifies four filings that he asserts violate Rule 11, and Rhodes highlights various statements in those filings that he claims are misleading. But none of those filings are sanctionable, and Rhodes' arguments to the contrary are frivolous.

*First*, Rhodes asserts that the government's meritorious January 3, 2023 Motion to Strike (Doc. 20) violated Rule 11. To add context, the government's Motion to Strike was necessary only because Rhodes' Answer as originally filed (Doc. 16) contained impertinent anti-Semitic statements directed at government

employees. Rhodes complains that the background section of the government's brief in support of that Motion (Doc. 20-1) asserted that Rhodes made phone calls involving shocking pre-recorded messages "over the years." (Sanctions Motion at 3–4.) Rhodes argues that because FCC's Forfeiture Order only penalizes illegal spoofed robocalls made between September and December 2018, the use of the term "over the years" renders the Motion to Strike sanctionable. (*Id.*)

Even if the evidence showed that Rhodes only made illegal robocalls over a few months in 2018, one inaccurate turn of phrase in a meritorious motion is not nearly enough to impose Rule 11 sanctions, especially in the absence of any evidence that the filing was made for an improper purpose. *See Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, Civ. No. 17-01613, 2020 WL 816135, at *10 (C.D. Cal. Jan. 23, 2020) (compiling authorities). But in fact, there is plentiful evidence substantiating that Rhodes subjected unsuspecting recipients to shocking robocalls over the course of multiple years. The government's Statement of Undisputed Facts (Doc. 65) provides compelling proof that Rhodes made thousands of "theroadtopower.com" robocalls as early as May 2018 and as late as December 2019. (*See id.*) In addition, the government has produced in discovery evidence that Rhodes made other calls involving inflammatory or offensive pre-recorded messages before 2018. (*See* Ex. 2, Alexandria Police Report, at USA_00012526, USA_00012529) (describing how unwanted 2017

3

phone call involving a recording of Hitler was traced back to Rhodes). The government's Motion to Strike (Doc. 20) was meritorious and the statements included in the government's supporting Brief (Doc. 20-1) were well supported.

*Second*, Rhodes asserts that the government's Opposition to Rhodes' Motion to Disqualify (Doc. 32) violated Rule 11 because in that Opposition, the government noted that Rhodes had been cautioned by the Court to refrain from including inappropriate discussions of the religious affiliations of government employees in his filings. (Sanctions Motion at 4–5.) But the government's summary was accurate: Magistrate Judge DeSoto's Order (Doc. 22) granting the government's Motion to Strike did instruct Rhodes that statements about the religious affiliation of government employees had no place in a court filing and warned him that Rule 11 applies to *pro se* litigants. (*See* Doc. 22 at 3–4.) It was Rhodes' Motion to Disqualify (Doc. 31) that was frivolous and included inappropriate and inaccurate statements; the government's Opposition (Doc. 32) was meritorious.

*Third*, Rhodes complains that the government's Opposition (Doc. 73) to his Motion seeking a 63-day extension of his summary judgment response deadline violated Rule 11 because it included the assertion that "[t]here is no material factual dispute as to Rhodes' liability[.]" (Sanctions Motion at 6.) Again, that is a well-supported summation of the government's summary judgment argument, and

4

its inclusion in the government's meritorious brief opposing Rhodes' 63-day extension request could not possibly justify sanctions. *See Harbor Breeze*, 2020 WL 816135, at *10.

*Fourth*, Rhodes takes issue with 24 statements in the government's Statement of Undisputed Facts (Doc. 65), asserting that these statements warrant Rule 11 sanctions. (Sanctions Motion at 6–16.) Again, Rhodes' argument is completely frivolous.

With one exception, the supposedly Rule 11-violating statements Rhodes identifies fall into two general categories.[1] First, Rhodes quibbles with how the government describes some of the evidence cited in its Partial Summary Judgment Motion and asserts that alleged inaccuracies in the government's descriptions violate Rule 11. (*See* Sanctions Motion at §§ 4.b, c, d, f, g, o, q, r, s, t, v, w, x.) Rhodes' allegations lack any basis. As just one example of how meritless Rhodes' contentions are, Rhodes claims in Section 4.w of his Sanctions Motion that the government violated Rule 11 when it described an April 7, 2018 Road to Power

---

[1] Outside the two general categories, Rhodes also asserts that the statement "All episodes of The Road to Power are available at www.bitchute.com/channel/theroadtopower/" was a sanctionable misrepresentation. (*See* Sanctions Motion at § 4.a.) But Rhodes himself stated in response to a discovery request seeking "[a]ll documents related to the Road to Power including copies of each video posted on the theroadtopower Bitchute page" that he—the host of The Road to Power—did "not believe this category of item exists except for the publicly available videos" hosted on Bitchute. (*See* Ex. 3, government's First RFPs at RFP 5; Ex. 4, Rhodes' First RFP Responses at Response 5.) To the extent Rhodes made other Road to Power episodes that are not publicly available, it would be his misrepresentation in discovery that violated the Rules, not the government's good faith reliance on his representation.

podcast segment as encouraging viewers to telephone an interracial couple and call them slurs. (Sanctions Motion at 16.) But that is an accurate (if sanitized) description of the podcast segment at issue, which begins with Rhodes describing how the interracial couple's fence had repeatedly been defaced with racist slurs, continues with Rhodes advising viewers that it would be legal for a viewer to telephone the couple and call them slurs so long as the viewer only did so once, and ends with Rhodes providing a phone number for the couple and telling viewers "if you would like to let this [slur] . . . know what you think about her [slur] lover . . . you can call her at [providing phone number]." (Doc. 67, Aloisio MSJ Decl. Ex. B8 (4/7/18 RTP), at 44:45-49:00.) A review of the other evidence Rhodes asserts the government mischaracterized demonstrates that his other examples of supposed mischaracterizations violating Rule 11 are similarly frivolous.

    Second, Rhodes asserts that the government violated Rule 11 by including in its Statement of Undisputed Facts certain facts that Rhodes has not admitted, including that Rhodes is the person who made the spoofed robocalls at issue. (*See* Sanctions Motion at §§ 4.e, h, i, j, k, l, m, n, p, u.) But the Rules governing summary judgment specifically contemplate that a movant's statement of undisputed facts will include facts that the opposing party will attempt to dispute, and there is nothing wrong with a movant citing the evidence it believes supports its position without pre-emptively noting the opposing party's potential to contest

that evidence. *See* L.R. 56.1(b)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (a party seeking summary judgment merely bears the burden of identifying "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact[.]"). The Rules provide Rhodes the opportunity to make his responsive arguments and cite any evidence in support in his summary judgment opposition, and it is improper for Rhodes to make those arguments the subject of a motion for sanctions. *See Rich*, 2012 WL 3155137, at *3 ("A Rule 11 motion is not a proper vehicle for arguing the merits of a case[.]"); *MetLife Bank*, 2011 WL 1704175, at *2 (similar).

In sum, Rhodes' Sanctions Motion entirely fails to demonstrate that any of the government's filings in this matter were frivolous, legally unreasonable, without factual foundation, or brought for an improper purpose. Indeed, Rhodes' Motion for Sanctions is itself patently frivolous.

Rhodes' motion is exactly the type of filing that the Advisory Committee contemplated when it warned that "Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b) . . . [n]or should Rule 11 motions be prepared to emphasize the merits of a party's position . . . to intimidate an adversary into withdrawing contentions that are fairly debatable, [or] to increase the costs of litigation[.]" *See* Fed.R.Civ.P. 11, Advisory Committee Notes to 1993 Amendments. Rhodes'

motion should be denied. Moreover, because the Court has already warned Rhodes that Rule 11 applies to him (Doc. 22 at 3–4), the Court would be justified in sanctioning Rhodes by awarding the government the attorney's fees incurred to prepare this opposition.

## CONCLUSION

The United States respectfully requests that this Court deny Rhodes' motion and award the government the reasonable expenses, including attorney's fees, incurred responding to Rhodes' frivolous motion.

**DATED** this 27th day of November, 2023

        Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        ARUN G. RAO
        Deputy Assistant Attorney General

        AMANDA LISKAMM
        Director, Consumer Protection Branch

        LISA K. HSIAO
        Assistant Director

        SHANNON L. CLARKE
        Assistant U.S. Attorney

        /s/ Michael J. Wadden
        PATRICK R. RUNKLE
        Senior Litigation Counsel
        MICHAEL J. WADDEN
        Trial Attorney
        Consumer Protection Branch
        United States Department of Justice
        Attorneys for Plaintiff United States

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,786 words, excluding the caption and certificates of service and compliance.

**DATED** this 27th day of November, 2023

                          /s/ Michael J. Wadden
                          **MICHAEL J. WADDEN**
                          **Trial Attorney**
                          **Attorney for Plaintiff**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 27th day of November, 2023, a copy of the foregoing document was served on the following person by the following means.

  <u> 1,2 </u> CM/ECF
  <u>  </u> Hand Delivery
  <u>  </u> U.S. Mail
  <u>  </u> Overnight Delivery Service
  <u>  </u> Fax
  <u>  </u> E-Mail

1. Clerk of Court

2. Scott Rhodes
1104 Louisiana Avenue,
Libby, MT 59923

           <u>**/s/ Michael J. Wadden**</u>
           **Michael J. Wadden**
           **Trial Attorney**
           **Attorney for Plaintiff**