**BRIAN M. BOYNTON**
Principal Deputy Assistant Attorney General
**ARUN G. RAO**
Deputy Assistant Attorney General
**AMANDA N. LISKAMM**
Director, Consumer Protection Branch
**LISA K. HSIAO**
Assistant Director
**PATRICK R. RUNKLE**
Senior Litigation Counsel
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 532-4723
    Email: Patrick.R.Runkle@usdoj.gov
**MICHAEL J. WADDEN**
**AMANDA K. KELLY**
Trial Attorneys
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 305-7133
    Email: Michael.J.Wadden@usdoj.gov
**SHANNON L. CLARKE**
Assistant U.S. Attorney
    U.S. Attorney's Office,
    P.O. Box 8329,
    Missoula, MT 59807
    Telephone: (406) 542-8851
    Email: shannon.clarke@usdoj.gov
Attorneys for Plaintiff United States of America

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>vs.<br><br>**SCOTT RHODES,**<br>Defendant. | **CV 21-110-M-DLC-KLD**<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S LATE-FILED SUMMARY JUDGMENT MOTION** |

Defendant Scott Rhodes failed to timely file Pro Se Defendant's Motion for Summary Judgment Pursuant to Rule 56. (Doc. 85.). Respectfully, the United States requests that the Court strike Rhodes' summary judgment motion and its associated filings for the reasons described herein.

## BACKGROUND

On September 27, 2021, the Government filed a complaint in this Court seeking to enforce a Federal Communications Commission ("FCC") forfeiture order against Rhodes and requesting injunctive relief for his engaging in repeated violations of the Truth in Caller ID Act, 47 U.S.C. § 227(e)(1).

During a conference with the Court in April 2023, the Court described how its forthcoming scheduling order would set a "fully briefed" dispositive motions deadline of January 16, 2024. (Doc. 56 at 21:14 - 22:10.) The Court also stated that the scheduling order would not be changed absent a showing of "compelling reasons." (*Id*. at 22:11-20.)

On October 13, 2023, the Government filed its Motion for Summary Judgment. (Doc. 63.) On October 25, 2023, Rhodes filed Pro Se Defendant's Motion for Extension of Deadline for Opposition to Plaintiff's Motion for Summary Judgment, asking for an extension of time until January 2024 to file his opposition. (Doc. 72.) On October 31, 2023, the Court granted Rhodes' motion in part and directed Rhodes to file his opposition to the Government's motion for

1

summary judgment by November 24, 2023. (Doc. 75.) On January 16, 2023, the last day for dispositive motions, Rhodes filed his own motion for summary judgment, failing to provide time for a government opposition. (Doc. 85.)

## LEGAL STANDARD

While the Court must construe pro se motions and pleadings liberally in the pro se litigant's favor, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Binding precedent holds that a "court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (collecting cases).

## ARGUMENT

Rhodes filed his summary judgment motion substantially after the December 26, 2023 date required by the Court's scheduling order. During the April 2023 scheduling conference, the Court specifically stated that the scheduling order's January 16, 2024 "Motions Deadline (fully briefed)" was not a deadline for filing initial motions, but instead a deadline for the motions to be "fully briefed." The Court then explained to Rhodes at length exactly what that meant. (*See* Doc. 56 at 21:14 – 22:10 ("[I]f you are the moving party, you need to count back and make sure that you provide the other side sufficient time to get the response brief filed by the deadline.").) The Court further directed Rhodes to the scheduling order, noting

that it, too, defines "fully briefed." (Doc. 56 at 21:14 – 22:4; *see also* Doc. 51 at 7 ("Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the Court.").) The Court also underlined that extensions would not be granted absent "compelling reasons." (*Id*. at 22:11-20.)

Here, Rhodes disregarded the Court's express instructions at the scheduling conference and filed his initial motion on January 16, 2024. As the Court explained at the hearing and in the scheduling order, in order to be "fully briefed" by January 16, 2024, Defendant's motion should have been filed at least three weeks prior, on December 26, 2023, to allow the Government 21 days to file an opposition. And Rhodes cannot deny that he understood that the Government was allowed 21 days to file its opposition. Rhodes demonstrated this knowledge when he filed for a lengthy extension for his own opposition, citing Local Rule 7.1(d)(1)(B)(i) and noting that it provided 21 days to respond to a motion for summary judgement. (Doc. 72 at 1.) Because Rhodes' summary judgment motion is late, this Court may strike or deny the motion or deny it based on its late filing without further consideration. *Mammoth Recreations, Inc.*, 975 F.2d at 608.

Even if the Court were to construe Rhodes' filing as an implicit request to modify the Court's scheduling order under Rule 16(b), that motion would fail. In order to receive an extension, Rhodes would have had to demonstrate diligence or good cause for filing his motion late. *Mammoth Recreations, Inc.*, 975 F.2d at 608.

Rhodes has done neither. Indeed, Rhodes has been active in this and other litigation over the last month—he has emailed the government numerous times about his preparation of his summary judgment motion, and he has filed numerous lengthy papers in the District of Idaho—in a subpoena enforcement action against a witness in this case. (Exs. A-C; *see also* Doc. 79-14.) Rhodes also showed that he understands the Court's deadlines by producing large numbers of documents in the final two days of fact discovery. (Exs. D-E.) Rhodes clearly had the knowledge and ability to comply with the Court's scheduling order.

Still, Rhodes failed to file his motion for summary judgment in a timely fashion. Rhodes' "pro se status does not provide an excuse for [his] failure to comply with Scheduling Order deadlines and Court rules." *Nelson v. Cap. One Fin. Corp.*, No. CV-17-02636, 2019 WL 13251987, at *2 (D. Ariz. May 1, 2019). Even if Rhodes' late filing were due to negligence, carelessness, or lack of familiarity with the rules, that would not excuse his failure to meet the Court's deadlines. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. If [a] party was not diligent, the [Rule 16] inquiry should end." *Mammoth Recreations*, 975 F.2d at 609.

Another reason to strike Rhodes' motion is that the late filing will be prejudicial to both the government and the Court, which must marshal and expend resources responding to and adjudicating improper arguments made in a late filing

that need not be considered in the first place. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (district court may consider prejudice to the nonmoving party when deciding whether to permit a late filing). As examples of this prejudice, Rhodes' motion casually asks for sanctions against the attorneys working on this case based on nonexistent evidence and conspiracy theories. (Doc. 86 at 16-18.) It further includes a new sham affidavit that tries to walk back key portions of Rhodes' own damaging deposition testimony: during his deposition, he admitted that he used the computer dialing system at issue in this case, while his new declaration claims he never used it. (*Compare* Doc. 86-4 *with* Ex. F. at 65:11 – 66:18; 98:8 – 99.) In sum, the filing is late and inappropriate, and the Court should not consider it.

## CONCLUSION

The United States respectfully requests that this Court strike Rhodes' summary judgment motion and associated filings. Should the Court choose to consider Rhodes' filing on its merits, the United States respectfully requests 21 days from the date of the Court's Order disposing of this motion to file its opposition to Defendant's motion for summary judgement.

**DATED** this 19th day of January 2024

                          Respectfully submitted,

                          BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Acting Director
Consumer Protection Branch

LISA K. HSIAO
Assistant Director

**/s/ *Patrick R. Runkle*** 
PATRICK RUNKLE
Senior Litigation Counsel
MICHAEL J. WADDEN
AMANDA K. KELLY
Trial Attorneys
Consumer Protection Branch
United States Department of Justice
Attorneys for Plaintiff United States

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,172 words, excluding the caption and certificates of service and compliance.

**DATED** this 19th day of January 2024

                                              /s/ *Patrick R. Runkle*
                                              **PATRICK R. RUNKLE**
                                              **Senior Litigation Counsel**
                                              **Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 19th day of January 2024, a copy of the foregoing document was served on the following person by the following means.

    __1,2__ CM/ECF
    _____ Hand Delivery
    _____ U.S. Mail
    _____ Overnight Delivery Service
    _____ Fax
    _____ E-Mail

1. Clerk of Court

2. Scott Rhodes
1104 Louisiana Avenue,
Libby, MT 59923

    */s/ Patrick R. Runkle*
**Patrick R. Runkle**
**Senior Litigation Counsel**
**Attorney for Plaintiff**