**BRIAN M. BOYNTON**
**Principal Deputy Assistant Attorney General**
**ARUN G. RAO**
**Deputy Assistant Attorney General**
**AMANDA N. LISKAMM**
**Director, Consumer Protection Branch**
**LISA K. HSIAO**
**Assistant Director**
**PATRICK R. RUNKLE**
**Senior Litigation Counsel**
>  **450 Fifth Street, NW, Suite 6400S**
>  **Washington, D.C. 20001**
>  **Telephone: (202) 532-4723**
>  **Email: Patrick.R.Runkle@usdoj.gov**
**MICHAEL J. WADDEN**
**AMANDA KELLY**
**Trial Attorneys**
>  **450 Fifth Street, NW, Suite 6400S**
>  **Washington, D.C. 20001**
>  **Telephone: (202) 305-7133**
>  **Email: Michael.J.Wadden@usdoj.gov**
**SHANNON L. CLARKE**
**Assistant U.S. Attorney**
>  **U.S. Attorney's Office,**
>  **P.O. Box 8329,**
>  **Missoula, MT 59807**
>  **Telephone: (406) 542-8851**
>  **Email: shannon.clarke@usdoj.gov**
**Attorneys for Plaintiff United States of America**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>vs.<br><br>**SCOTT RHODES,**<br>**Defendant.** | **CV 21-110-M-DLC-KLD**<br><br>**UNITED STATES OF AMERICA'S RESPONSE TO PRO SE DEFENDANT'S MOTION TO EXTEND FILING DEADLINE PER F.R.C.P. 6(b)(1)(B).** |

Defendant Scott Rhodes belatedly moved for an extension of time to allow his already late-filed motion for summary judgment. Respectfully, the United States requests that the Court deny Rhodes' motion.

## BACKGROUND

On January 16, 2024, Rhodes filed his motion for summary judgment, failing to provide time for an opposition. (Doc. 85.)  The Government moved to strike Rhodes' late-filed motion for summary judgment on January 19, 2024. (Doc. 92.)  Rhodes responded by filing a response to the Government's motion to strike (Doc. 94) and by filing Pro Se Defendant's Motion to Extend Filing Deadline Per F.R.C.P. 6(b)(1)(B) (Doc. 93).

## ARGUMENT

Rhodes has filed a motion asking for a *nunc pro tunc* extension of time under Fed. R. Civ. Pro. 6(b)(1)(B) to excuse his tardy summary judgment filing. The Government's motion to strike Rhodes' summary judgment motion explains why the Court should reject Rhodes' late filing, and many of those same reasons mandate that this motion should also be denied. (Doc. 92-1.)  Rhodes' new flurry of filings—two lengthy filings prepared over the course of a weekend—support the Government's contention that Rhodes could have filed his motion in a timely fashion, but did not do so.

1

As a preliminary matter, Rhodes moved under the wrong rule: he is actually seeking an amendment to a deadline in the Court's scheduling order, not an extension of time, and should have moved under Rule 16(b), not Rule 6. *Cruz v. City of Anaheim*, No. 10-CV-03997, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (collecting cases) ("[A] majority of courts have held that Rule 16(b), rather than Rule 6(b), governs requests relating specifically to a court's scheduling order."). To modify a scheduling order, the moving party must show "good cause"—embodied in this Court's order as "compelling reasons" (Doc. 51 at 3)—whereas a movant seeking an extension of time must prove only "excusable neglect." *Cruz*, 2011 WL 13214312, at *2 (collecting cases). The good cause standard is more difficult to meet and focuses almost exclusively on whether a party was diligent. *Id*.

Rhodes' excuse for the late filing is that he supposedly did not understand the briefing process because he is appearing *pro se*. This does not provide either a "compelling reason" or "good cause" to grant Rhodes' motion. This Court was careful to explain to the parties exactly what its scheduling order meant in terms of filing "fully briefed" summary judgment motions. (Doc. 51 at 7; Doc. 56 at 21-22). Moreover, *pro se* parties are not excused from following the rules and adhering to court deadlines. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also, e.g., Mussell v. Federal Home Loan Mortgage Corp. Eyeglasses,* 2015 WL 6163440 at

2

*6 (D. Idaho May 22, 2015) ("Pro se litigants are held to the same procedural rules as counseled litigants. Ignorance of unambiguous procedural rules alone does not constitute excusable neglect." (internal citations omitted)); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Rhodes also claims that he has "limited intelligence" and that he would have asked for an extension of the scheduling order deadline had he understood he needed to do so. (Doc. 93 at 7-9.)  These statements may be true, but Rhodes offers no factual support for them, nor any credible connection between these assertions and why he could not file his motion by December 26. During that time frame, he was busy filing lengthy briefs in the District of Idaho related to this case; in that matter, he is trying to sanction a local Sandpoint journalist who was the subject of one of his illegal robocall campaigns. (Docs. 92-2, 92-3.) Rhodes also claims without support that he had to work during the relevant timeframe, even though he testified under oath in his deposition in this case that he did not have a job. (Ex. A at 11:11-14; 72:22-76:2.).

Given that Rhodes is clearly capable of preparing and filing lengthy briefs when he wants to—as he again did in this case over the weekend of January 20-21,

2024—the Court should conclude that Rhodes was not diligent and lacked good cause for failing to file his summary judgment brief on time.

Even if the Court were to apply the lower, excusable neglect standard, Rhodes' motion would still fail. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 392 (1993). Rhodes may have demonstrated neglect, but not that his neglect was *excusable*. For a litigant to show excusable neglect, the Ninth Circuit requires more than just a "failure to read and attempt to follow court rules." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). Rhodes has shown only that he failed to read the scheduling order and the transcript of the scheduling conference.

Rhodes also argues that granting his motion will not affect future proceedings and will not prejudice the Government. The Government disagrees. The Court invited the parties to file their dispositive motions early so that the Court would have enough time to consider them. Considering Rhodes' late motion (as well as the current motion) wastes the Government's and the Court's time and puts the rest of the schedule at risk.

Lastly, Rhodes argues that the Government purposely avoiding telling him of the deadline. (Doc. 93 at 11-13.)  This is nonsense. Rhodes is responsible for his

4

own compliance with the Court's orders and should be held accountable for his

failures to comply.

**CONCLUSION**

The United States respectfully requests that this Court deny Rhodes' *nunc*

*pro tunc* motion for an extension to file.

**DATED** this 26th day of January, 2024

> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney
> General
>
> ARUN G. RAO
> Deputy Assistant Attorney General
>
> AMANDA N. LISKAMM
> Director
> Consumer Protection Branch
>
> LISA K. HSIAO
> Assistant Director
>
> /s/ Patrick R. Runkle
> PATRICK RUNKLE
> Senior Litigation Counsel
> MICHAEL J. WADDEN
> AMANDA KELLY
> Trial Attorneys
> Consumer Protection Branch
> United States Department of Justice
> Attorneys for Plaintiff United States

5

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 972 words, excluding the caption and certificates of service and compliance.

**DATED** this 26th day of January 2024.

/s/ Patrick R. Runkle
**PATRICK R. RUNKLE**
**Senior Litigation Counsel**
**Attorney for Plaintiff**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 26th day of January 2024, a copy of the foregoing document was served on the following person by the following means.

  <u>1,2</u>   CM/ECF
_____ Hand Delivery
_____ U.S. Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail

1. Clerk of Court                    2. Scott Rhodes

**/s/   Patrick R. Runkle_____**
**Patrick R. Runkle**
**Senior Litigation Counsel**
**Attorney for Plaintiff**