IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 21–110–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SCOTT RHODES, | |
| Defendant. | |

On January 16, 2024, Defendant Scott Rhodes filed a Pro Se Motion for Summary Judgment.  (Doc. 85.)  In response, the United States filed a Motion to Strike Defendant's Late-Filed Summary Judgment Motion.  (Doc. 92.)  Rhodes subsequently filed a Motion to Extend Filing Deadline (Doc. 93) and a brief opposing the United States' motion to strike (Doc. 94).  For the reasons discussed below, the Court grants the United States' motion, strikes Rhodes's summary judgment motion, and denies his motion for extension.

The Court held a telephonic pretrial conference in this matter on April 20, 2023.  During the pretrial conference, the Court discussed the schedule that would control the proceedings in this matter, including the motions deadline of January 16, 2024, for all motions other than motions in limine.  (Doc. 56 at 21:14–18.)  The Court explained that any motions must be "fully briefed" by that date and

1

explained that "fully briefed" means "that the opening brief and the response brief need to be filed by that date," so, as the moving party, "you need to count back and make sure that you provide the other side sufficient time to get the response brief filed by the deadline." (*Id.* at 21:19–25.)

The Court also mentioned that the Scheduling Order defined the term "fully briefed." (*Id.* at 21:19.) Indeed, the Scheduling Order contains the following definition: "the brief in support of the motion and the opposing party's response brief are filed with the Court." (Doc. 51 ¶ 12.) Finally, the Court explained that "parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court," and "[s]uch motions will not be granted absent compelling reasons." (Doc. 56 at 22:15–18.)

Despite these warnings, Rhodes filed his motion for summary judgment on the date of the motions deadline without requesting a continuance. While the Court must construe pro se motions and pleadings liberally in the pro se litigant's favor, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court may "deny as untimely a motion filed after the scheduling cut-off date where no request to modify the order has been made." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)).

Rhodes now requests an extension of the filing deadline, pursuant to Fed. R. Civ. P. 6(b)(1)(B), on the grounds that he mistakenly believed the January 16 deadline was the deadline to file his motion, not the deadline for motions to be fully briefed.  (Doc. 93 at 2.)  Rule 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  To determine whether neglect is excusable, the Court considers four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

Similarly, Rule 16 provides, in part, that a "schedule may be modified only for good cause."  Fed. R. Civ. P. 16(b)(4).  Good cause to change deadlines may be found if deadlines "cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson*, 975 F.2d at 609.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*  In other words, if the moving party "was not diligent, the inquiry should end."  *Id.*

Although Rhodes moves for an extension under Rule 6, the appropriate

mechanism for requesting an extension under these circumstances is Rule 16,

because it is a modification of the Court's scheduling order, not an extension of a

deadline set by the Federal Rules of Civil Procedure. *See Cruz v. City of Anaheim*,

No. 10-CV-03997, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (collecting

cases). Nonetheless, the Court finds that an extension is not warranted under either

Rule. First, in the Rule 16 context, "carelessness is not compatible with a finding

of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Second, all four *Bateman* factors weigh against granting an extension under Rule

6.

Regarding the first two factors, the United States has not been afforded an

opportunity to respond to Rhodes's case-dispositive motion for summary

judgment. To allow the United States additional time to respond to the summary

judgment motion would require the Court to extend pretrial deadlines and likely

trial itself. Trial in this matter has been scheduled since April 2023 and the Court

has previously explained that the motions deadlines were set early enough to allow

the Court sufficient time to address them before trial. The Court is not inclined to

move a trial that will have been scheduled for over a year. Nor is the Court

inclined to prejudice the parties by overlapping briefing on Rhodes's summary

judgment motion with the remaining pretrial matters—including motions in limine, proposed jury instructions, and proposed verdict forms.

Regarding the last two factors, Rhodes's failure to carefully review this Court's Scheduling Order, especially after the Court explained the meaning of "fully briefed" during the pretrial conference, weighs heavily against a finding of excusable neglect. Similarly, under Rule 6, "ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1996). The reason for delay was wholly within Rhodes's control and, while Rhodes may not have acted in "bad faith," his carelessness, ignorance of the rules, and/or failure to review the Court's scheduling order does not warrant an extension.

Finally, contrary to Rhodes's argument, striking his motion does not circumvent adjudication of the merits in this matter. The Court is considering the United States' motion for partial summary judgment and, even if that motion is granted, this matter would proceed to trial on the issue of forfeiture. Striking Rhodes's summary judgment motion does not result in a final judgment on the merits, and, as Rhodes himself has acknowledged, (*see* Doc. 78 at 2), in considering the United States' summary judgment motion, the Court may grant summary judgment in Rhodes's favor pursuant to Fed. R. Civ. P. 56(f).

The Court also notes that many of the arguments raised by Rhodes in his

summary judgment motion are either constitutional challenges to the FCC's

regulations or arguments for dismissal under Rule 12(b)(6).  The Court has already

explained that it lacks jurisdiction to consider Rhodes's constitutional challenges to

47 U.S.C. § 227(e)(1) and 47 C.F.R. § 64.1604.  (Doc. 15 at 8.)  Additionally,

Rhodes has already filed a Motion to Dismiss, (Doc. 5), raising a defense under

Rule 12(b)(6) and the Court denied that motion, (Doc. 15 at 11).

To the extent Rhodes's summary judgment motion requests sanctions be

imposed against the attorneys for the United States, (*see* Doc. 85 at 2), this is a

separate matter from the issue of summary judgment and, therefore, should be

raised by separate motion.  However, the Court will refer Rhodes back to its Order

on his previous motion for sanctions, (Doc. 98), and caution Rhodes that future

motions for sanctions that prove to be baseless may result in an award of costs and

fees to the United States.

Accordingly, IT IS ORDERED that the United States' Motion to Strike

(Doc. 92) is GRANTED.

IT IS FURTHER ORDERED that Rhodes's Pro Se Motion for Summary

Judgment (Doc. 85) is STRICKEN.

IT IS FURTHER ORDERED that Rhodes's Motion for Extension (Doc. 93.)

is DENIED.

DATED this 31st day of January, 2024.

6

Dana L. Christensen, District Judge
United States District Court