**BRIAN M. BOYNTON**
Principal Deputy Assistant Attorney General
**ARUN G. RAO**
Deputy Assistant Attorney General
**AMANDA N. LISKAMM**
Director, Consumer Protection Branch
**LISA K. HSIAO**
Assistant Director
**PATRICK R. RUNKLE**
Senior Litigation Counsel
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 532-4723
    Email: Patrick.R.Runkle@usdoj.gov
**MICHAEL J. WADDEN**
**AMANDA K. KELLY**
Trial Attorneys
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 305-7133
    Email: Michael.J.Wadden@usdoj.gov
**SHANNON L. CLARKE**
Assistant U.S. Attorney
    U.S. Attorney's Office,
    P.O. Box 8329,
    Missoula, MT 59807
    Telephone: (406) 542-8851
    Email: shannon.clarke@usdoj.gov
**Attorneys for Plaintiff United States of America**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br><br>    vs.<br><br>**SCOTT RHODES,**<br>    Defendant. | CV 21-110-M-DLC-KLD<br><br>**UNITED STATES OF AMERICA'S MOTION FOR PROTECTIVE ORDER AGAINST DEFENDANT** |

Defendant Scott Rhodes recently sent an inappropriate email to counsel containing Government counsel's home address, which was never shared with Rhodes in any form.  Plaintiff urgently moves the Court for the entry of a protective order governing Rhodes' treatment of attorneys and witnesses.

## FACTUAL BACKGROUND

Rhodes has repeatedly advocated the ethnic cleansing of American Jews and violence against Jewish people.  (*See, e.g.*, 4/7/2018 RTP (MSJ Ex. B8) at 19:30-25:26; 5/6/2018 RTP (MSJ Ex. B12) at 6:55-15:20; 7/14/2018 RTP (MSJ Ex. B16) at 14:50–19:00).[1]  When he filed his original Answer in this case (Doc. 16), he stated his belief that one of the attorneys for the United States, Patrick Runkle, is Jewish, and implied that Attorney Runkle is one of a group of Jewish people in the Government who is persecuting him:

> Defendant hereby answers Plaintiff's SLAPP suit (strategic lawsuit against public participation) regarding anti-Jewish political speech brought by the Jew-run DOJ (Merrick Garland) on behalf of the Jew-run FCC (Jessica Rosenworcel) based on a false report document by a Jew federal employee (Daniel Stepanicich) and prosecuted by a Jew-run prosecution team (Patrick Runkle), in the captioned matter as follows:

---

[1] Each referenced "Road to Power" episode was conventionally filed with the Court as exhibits to Plaintiff's summary judgment filing (*see* Doc. 67).

Subsequently, when the Government asked for a protective order in this case, the Government asked to include the following language:

> The parties shall not take any act or encourage, counsel, or aid and abet any other person in taking any act that is intended to result in witnesses, attorneys, court personnel, or anyone else involved in this case being harassed, intimidated, threatened, or degraded.

(Doc. 48-2.) Rhodes objected to this language, stating that the Government "failed to show any reason" that he might harass or intimidate people, and saying that the proposed order "reads like an unwarranted admonishment." (Doc. 50 at 3.) The Court declined to enter the contested language. (Doc. 52.)

On January 19, 2024, the Government filed a motion to strike Rhodes' late-filed summary judgment motion. (Doc. 91.) A day later, Rhodes sent an email to Runkle accusing the Government of "harassment" for listing one of Rhodes' physical addresses on its certificate of service. (Ex. A.) In the following passage, Rhodes then threatened to put Runkle's home address on Rhodes' subsequent filings:

> Or is there some legal advantage to a party, but unknown to pro se Defendant, to putting such a residential address in that certificate, such that Defendant should follow suit from Plaintiff's behavior and be putting ▓▓▓▓▓ St. Rockville MD ▓▓▓ in his Certificates of Service despite all service being CM/ECF?

(*Id*.) Rhodes' email shows that he knows Runkle's home address, which has never been shared with Rhodes, and is willing to use it in a retaliatory manner.

## LEGAL BACKGROUND

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The Court also possesses inherent powers to control the conduct of litigants before it. The Court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Warner v. Stefalo*, No. 19-cv-3, 2021 WL 11581299, at *2 (D. Mont. Jan. 22, 2021) (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991)). The All-Writs Act also provides that this Court is empowered "to fashion extraordinary remedies when the need arises." *Penn. Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).

## ARGUMENT

Rhodes' email to counsel for the United States is objectionable for many reasons. First, Rhodes threatened to "dox" Attorney Runkle if the government continued to use the address of a piece of Rhodes' real property in this action, which is wholly inappropriate. Runkle is not a party to this action, and his home

address has nothing to do with this case. In contrast, Rhodes is the defendant in the case and is proceeding *pro se*; his address and real property assets are directly relevant to serving Rhodes, as well as the claims and defenses in the case.

Second, and more importantly, Rhodes clearly intended to threaten and intimidate Runkle by showing that he knows where Runkle lives. Certainly Runkle has never shared that information with Rhodes, and there is no legitimate or relevant reason that Rhodes should be interested in or even know Runkle's home address. Taken in conjunction with Rhodes' advocacy for violence against Jewish people, his association of Runkle with an imaginary Jewish conspiracy to persecute him, and his history of abusive conduct directed at minorities he dislikes (including the conduct at issue in this case as well as conduct that includes targeting and encouraging others to target particular individuals for abuse),[2] the malign purpose and impact of Rhodes' email is clear.

The Government reserves its rights to seek other relief against Rhodes as appropriate, but first asks this Court to prohibit Rhodes from taking any act or encouraging, counseling, or aiding and abetting any other person in taking any act

---

[2] *See, e.g.*, 4/7/2018 RTP (MSJ Ex. B8) at 44:45-51:25 (providing phone number for interracial couple so that viewers could call them slurs); 4/14/2018 RTP (MSJ Ex. B9) at 45:45–48:20 (providing reported Holocaust survivor's phone number and encouraging viewers to "let him know what you think" about his "promoting 'Holohoax' lies"); *id.* at 59:00–60:30 (providing phone number of mayor who spoke against White Nationalist flyers and encouraging viewers to "tak[e] up his challenge of hating him, the part-Negro who passes for white.").

that may result in witnesses, attorneys, court personnel, or anyone else involved in this case being harassed, intimidated, threatened, or degraded.  The Government also asks that Rhodes be specifically proscribed from obtaining, sharing with any other person, publicizing on the internet, including in court filings, or using in any way the personal information of the attorneys for the Government in this case.  The Government also asks that the Court order Rhodes to stay at least 100 yards away from Attorney Runkle's residence.

## **CONCLUSION**

For the foregoing reasons, this Court should enter a protective order as described above.

**DATED** this 1st day of February 2024

>Respectfully submitted,
>
>BRIAN M. BOYNTON
>Principal Deputy Assistant Attorney General
>
>ARUN G. RAO
>Deputy Assistant Attorney General
>
>AMANDA N. LISKAMM
>Director
>Consumer Protection Branch
>
>LISA K. HSIAO
>Assistant Director

SHANNON L. CLARKE
Assistant U.S. Attorney

/s/ Patrick R. Runkle
PATRICK R. RUNKLE
Senior Litigation Counsel
MICHAEL J. WADDEN
AMANDA K. KELLY
Trial Attorneys
Consumer Protection Branch
United States Department of Justice
Attorneys for Plaintiff United States

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,277 words, excluding the caption and certificates of service and compliance.

**DATED** this 1st day of February 2024

                                      /s/ Patrick R. Runkle
                                      **PATRICK R. RUNKLE**
                                      **Senior Litigation Counsel**
                                      **Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2024, a copy of the foregoing document was served on the following person by the following means.

<u>_1,2_</u>  CM/ECF
<u>____</u>  Hand Delivery
<u>____</u>  U.S. Mail
<u>____</u>  Overnight Delivery Service
<u>____</u>  Fax
<u>____</u>  E-Mail

1. Clerk of Court            2. Scott Rhodes

/s/ Patrick R. Runkle
**Patrick R. Runkle**
**Senior Litigation Counsel**
**Attorney for Plaintiff**