| | |
|---|---|
| **From:** | NorthIdahoFree |
| **To:** | Wadden, Michael J.; Runkle, Patrick; Kelly, Amanda K.; Clarke, Shannon (USAMT) |
| **Subject:** | [EXTERNAL] harassment by Plaintiff |
| **Date:** | Saturday, January 20, 2024 9:23:21 PM |

With Plaintiff's filing of January 20, 2024, Plaintiff has used a residential address in Montana for the third time after Defendant and U.S. Attorney Michael Wadden agreed that Plaintiff would cease using it. That being because Defendant will not receive mailings to that address.

I'm not here including that email correspondence, but can produce them for the Court.

Given that Attorney Wadden acknowledged and agreed to the instruction, given further that Defendant's deposition of July 2023 indicated both that he doesn't live there and that others not party to this suit do live there, it seems the only motive for Runkle's public inclusion of it twice since that time, and Wadden's once, is an attempt at encouraging harassment by others of tenants (or merely stoking their fears of such) on whom Defendant depends for his livelihood, especially since Plaintiff's Certificates of Service indicate service only via CM/ECF and putting any address there serves no legitimate purpose.

Or is there some legal advantage to a party, but unknown to pro se Defendant, to putting such a residential address in that certificate, such that Defendant should follow suit from Plaintiff's behavior and be putting ███████████ St. Rockville MD ████ in his Certificates of Service despite all service being CM/ECF?