IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT RHODES,<br><br>Defendant. | CV 21–110–M–DLC<br><br><br><br>ORDER |

Before the Court is the United States' Motion for Protective Order. (Doc. 100.) The United States requests that the Court enter a protective order against Defendant Scott Rhodes "governing Rhodes'[s] treatment of attorneys and witnesses." (Doc. 101 at 2.) Rhodes opposes the motion and argues that it was filed for improper purposes and in violation of D. Mont. L.R. Civ. 7.1(c)(1)'s meet-and-confer requirement. (Doc. 102 at 2.)

The basis for the United States' motion stems from email correspondence between the attorneys bringing this action on behalf of the government and Rhodes, who is representing himself. Apparently, in an email from Rhodes dated January 20, 2024, Rhodes included the home address for one of the United States' attorneys, Patrick Runkle. (Doc. 101-1.) Mr. Runkle claims that this was an attempt to threaten or intimidate him. (Doc. 101 at 5.)

1

Rhodes responds with some additional context. Apparently, in June 2023, the United States emailed Rhodes a formal deposition notice that included a residential address in Montana. (Doc. 102-1.) Rhodes informed the United States that the Montana address was incorrect and asked the attorneys, including Runkle, not to send legal notices there. (Doc. 102-2.) The United States responded to the request with "Understood" and offered to serve legal documents exclusively by email and to send all future productions to Rhodes's address in Idaho. (Doc. 102-3.) Rhodes agreed to electronic service. (Doc. 102-4.) Rhodes had also informed the government during a July 2023 deposition that he was not residing at this address. (Doc. 102-5.)

For some time after this exchange, filings were served on Rhodes via electronic means and discovery was physically produced at Rhodes's Idaho address without issue. However, on January 19, 2024, the United States filed a motion with a certificate of service that included the Montana address that was previously discussed. (Doc. 92 at 3.) On January 20, 2024, Rhodes sent the email that is the subject of the government's motion. That email reads as follows:

> With Plaintiff's filing of January 20, 2024, Plaintiff has used a residential address in Montana for the third time after Defendant and U.S. Attorney Michael Wadden agreed that Plaintiff would cease using it. That being because Defendant will not receive mailings to that address.
>
> I'm not here including that email correspondence, but can produce them for the Court.

2

> Given that Attorney Wadden acknowledged and agreed to the instruction, given further that Defendant's deposition of July 2023 indicated both that he doesn't live there and that others not party to this suit do live there, it seems the only motive for Runkle's public inclusion of it twice since that time, and Wadden's once, is an attempt at encouraging harassment by others of tenants (or merely stoking their fears of such) on whom Defendant depends for his livelihood, especially since Plaintiff's Certificates of Service indicate service only via CM/ECF and putting any address there serves no legitimate purpose.
>
> Or is there some legal advantage to a party, but unknown to pro se Defendant, to putting such a residential address in that certificate, such that Defendant should follow suit from Plaintiff's behavior and be putting [Runkle's home address] in his Certificates of Service despite all service being CM/ECF?

(Doc. 101-1.)

Rather than respond to Rhodes's email, the United States has moved for a protective order. The United States attempts to justify its violation of L.R. 7.1(c)(1) by explaining that "it believes a conference on this issue could cause further attempted harassment or intimidation of Government attorneys." (Doc. 100 at 2.) The Court recognizes that in adversarial proceedings, especially ones where a party is proceeding pro se, the communication between parties may deteriorate. Clearly that has happened here. However, the Court demands a degree of decorum in order to properly function, and it is the responsibility of both parties to behave appropriately. Both parties have fallen short in this respect.

In conclusion, the Court does not find good cause to issue the requested

protective order. Rhodes's email is clearly in response to the government's disregard of an agreement that was reached between the parties. While the inclusion of Runkle's home address was inappropriate, Rhodes did not include the information in a public filing but merely used it to make his point in a private email that, if it were not for the present motion, would never have seen the light of day. Given the agreement between the parties, it was likewise inappropriate for the Montana address to be included in the United States' certificate of service.

In response to Rhodes's allegation that Runkle filed this motion in an attempt to "play" or "emotionally enflame" the undersigned, the undersigned assures Rhodes that he is not so easily swayed. The Court will exercise its role to ensure this matter is resolved in an impartial and fair manner based on the facts and the law.

Accordingly, IT IS ORDERED that the motion for protective order (Doc. 100) is DENIED.

IT IS FURTHER ORDERED that the United States shall not include the Montana address discussed in this order in any future filings.

IT IS FURTHER ORDERED that, in this matter, Rhodes shall not include the address of an attorney for the United States, or threaten to include such information, in any private correspondence, public filing, or otherwise.

DATED this 8th day of February, 2024.

_____
Dana L. Christensen, District Judge
United States District Court